793 P.2d 215

**STATE of Idaho, Plaintiff–Appellant,**

v.

**David E. CRAIG, Defendant–Respondent.**

No. 18124.

Supreme Court of Idaho.

June 12, 1990.

Jim Jones, Atty. Gen., Boise, Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-appellant. Myrna A.I. Stahman argued.

Brian E. Elkins, Ketchum, for defendant-respondent.

BAKES, Chief Justice.

The State appeals from the dismissal of a felony criminal charge for driving under the influence of alcohol (DUI). Defendant respondent Craig had been convicted for two prior DUI's. Prior to entry of the second conviction, Craig was arrested for this third DUI offense. After the second conviction was entered, the State filed an amended complaint in this case to charge Craig with felony DUI. The defendant

Craig waived a preliminary hearing and a felony information was filed. Craig then moved to dismiss the felony information, which the court granted. The district court dismissed the felony prosecution on the grounds that the second conviction must occur prior to the third violation.[1] The State appeals. We reverse.

On January 23, 1985, Craig pleaded guilty to and was convicted of driving under the influence for a violation occurring on August 23, 1984. On October 12, 1988, Craig pleaded guilty to and was convicted for the second DUI that occurred on August 26, 1988. After the second citation, but prior to the second (October 12th) conviction, Craig was cited for a third DUI offense on September 26, 1988. Craig pleaded not guilty to the third offense and demanded a jury trial.

On November 16, 1988, the State filed an amended complaint on the third offense, charging Craig with felony DUI. Subsequently a felony information was filed. Craig filed a motion to dismiss, arguing that the information violated his due process rights. On May 2, 1989, the district court, in a memorandum decision granted Craig's motion to dismiss the information on the ground that the second conviction must be entered prior to the commission of the third DUI in order for the third charge to constitute a felony. The State appeals this order.

The foregoing facts present the following limited issue on appeal: must a second DUI *conviction* precede a third DUI *violation* in order for the defendant to be subject to a felony conviction under I.C. § 18–8005(3)? Our task is purely one of statutory interpretation. We have not considered this precise issue on any previous occasion.

At the time of this action, I.C. § 18–8005(3) read in pertinent part:

(3) Any person who pleads guilty to or is found guilty of three (3) or more viola-

tions of the provisions of section 18–8004, Idaho Code, within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony....

The State argues that this provision does not require two convictions prior to the arrest for the DUI offense which gives rise to the felony charge. The State argues further that I.C. § 18–8005(3) requires no specific sequence, but only requires that a defendant be found guilty of three or more DUI offenses within five years before the enhanced penalty can be imposed. Craig responds that subsections (3) and (4) of I.C. § 18–8005 must be construed together, and that subsection (4) requires that two DUI convictions must occur both subsequent to 1983 and must precede the third DUI arrest in order for a defendant to be subject to a felony charge. Subsection (4) of I.C. § 18–8005, upon which Craig relies, stated that:

(4) For the purposes of paragraphs (2) and (3) of this section, convictions of violation of the provisions of section 49–1102, Idaho Code, shall be considered by the court to determine if a later conviction is a second or subsequent conviction only if such convictions were of violations committed on or after July 1, 1983.

Craig's argument is that subsection (4) modifies subsection (3) and that the use of the term "conviction" in subsection (4) mandates the result he argues for. The district court upheld Craig's argument. However, we disagree.

I.C. § 18–8005(3) clearly states that if a defendant is convicted (pleads guilty or is found guilty) of three DUI violations within five years, he has committed a felony. Counsel for Craig, in support of the district court's dismissal, argues, nevertheless, that subsection (4) has modified subsection (3) to the effect that the two prior violations must be reduced to judgment before the third violation occurs in order for the felony enhancement provisions to apply.

---

[1]. Subsequent to the order of dismissal of the felony information, the State filed an amended information in an attempt to satisfy the district court's concern that the defendant had received the appropriate notices required by I.C.

§ 18–8005. The district court also dismissed the amended information based upon the same grounds on which he dismissed the original information.

Craig bases that argument on the fact that subsection (3) uses the term "violation" rather than the term "conviction." Craig suggests that each subsection of the statute must be construed together to ascertain the legislative intent. *Messenger v. Burns*, 86 Idaho 26, 382 P.2d 913 (1963); *In re Gem State Academy Bakery*, 70 Idaho 531, 224 P.2d 529 (1950).

However, subsection (4) only states that for purposes of determining whether a person has been convicted of three DUI violations within five years, those convictions were for violations committed on or after July 1, 1983. Beyond this, subsection (4) in no way modifies subsection (3).

We conclude that as long as a defendant "is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code, ... within five (5) years," he has committed a felony, regardless of whether the third violation preceded the second conviction.

The order of the district court dismissing the information and the amended information against Craig is therefore reversed and remanded with directions to reinstate the amended information.

JOHNSON, BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

What the majority fails to recognize, and the State fails to adequately address, the defendant forcefully asserts. The issue here is whether a defendant should be subject to a felony conviction before the harsh reality of such a conviction is brought to bear. The only way the threat of an enhanced penalty can deter conduct is if the prospective defendant is provided the time to alter his conduct. Here, Craig was placed in jeopardy of receiving an enhanced sentence for his third violation before he ever had a chance to change his ways after his second conviction.

When I combine the common sense policy considerations for enhancing the penalty for DUI to a felony with the shameful showing made by the State in this case, I am forced to disagree with the majority.

The State's opening brief scatterguns in four different and inconsistent directions. First the State's brief sees no mandatory force in the rules promulgated by the Supreme Court:

> Idaho Code § 18–8005 does not require that a defendant in a DUI case be informed of the consequences of future violations. Rather, this notification requirement is provided for by a court rule. There is nothing in the body of the criminal law that requires notification to a defendant of the potential penalty to be imposed upon conviction of a criminal offense. *The fact that the state supreme court, by rule, has imposed such a duty upon the lower courts does not give rise to a due process violation if such rule-made procedure is not followed.*

Appellant's Brief, 9 (emphasis added).

Second, while conceding that the State had failed to provide the district court with documentation establishing compliance with M.C.R. 9.1, the State argues that under the rule, the court erred in not presuming compliance:

> Admittedly, these documents were not provided to the district court before it issued its May 2, 1989, memorandum decision granting Craig's motion to dismiss. But, *based upon Rule 9.1, M.C.R., the district court should have presumed that Craig had been fully advised of his rights and penalties.* Rule 9.1 provides that the court must, at or before sentencing, provide a written notice to the defendant as to the penalties that may be imposed for subsequent violations. *The rule then sets forth the recommended form to be used.* This form, which is to be used in the case of all DUI's, whether it is the first, second, third, or subsequent offense, explains the enhanced penalties for both the second and the third violations within a five year period. There is a presumption of regularity in all that a court does.

Appellant's Brief, 6 (emphasis added).

Third, the State, in apparent reliance on the divine right of sovereigns, takes for

granted it can introduce new evidence on a motion for reconsideration:[2]

> Prior to the district court issuing its May 2, 1989, memorandum decision, other than for the presumption of regularity afforded to the actions of a court, there was no evidence as to whether or not Craig had been notified of penalties for subsequent violations. But, at the time of the May 15, 1989, hearing on the state's motion for reconsideration, the state provided documentation showing very clearly that on three different occasions Craig had been clearly notified that a third DUI offense within five years is a felony. (Appendices K, L, & M.) Thus, the district court clearly erred in its conclusion that Craig had not been 'fully advised of his rights and penalties.' (R., p. 53.)

Appellant's Brief, 7.

A fourth tenet of the State's brief advances the proposition that neither the district court nor this Court can properly concern itself relative to the requirement of forewarning a charged defendant:

> The state submits that determining whether 'the defendant was *specifically* informed at his October 12, 1988, sentencing that the offense which occurred on September 26, 1988, might result in a felony charge after such sentencing' (R., p. 53, emphasis added) is not an issue proper for this court on appeal or for any court at any time. A sentencing court does not owe a DUI defendant the duty to determine whether he has another pending DUI and inform him as to the possible effect of his present guilty plea on the pending DUI. Rather, complying with the general notice provisions of Rule 9.1, I.M.R. [sic M.C.R], complies with the defendant's rights.

Appellant's Brief, 7–8 (emphasis in original).

Confronted as we are with internal inconsistencies in the State's brief, this Court should be hesitant to place much reliance on the State's argument. Should we rescind Rule 9.1 because it need not be followed according to the State, or observe instead that the State relies on the rule? Should we recognize that the State claims the benefit of a presumption arising from the rule? Or, should we ignore the State's protestations, and direct our attention to the actions of a highly respected district judge? I would choose the latter. The memorandum decision is succinct, enough to allow for repetition:

> 1. It appears that Idaho Code 18-8005(3) necessarily contemplates that a defendant must be found guilty or must plead guilty on two occasions prior to the commission of a third D.U.I.
>
> 2. This is necessarily so in light of the rights and penalties which are discussed with a defendant when he pleads guilty to a second D.U.I. When a defendant pleads to the second D.U.I., he must be informed that a third offense will result in a felony charge. It does not appear that the defendant was specifically informed at this October 12, 1988, sentencing that the offense which occurred on September 27, 1988, might result in a felony charge after such sentencing. Therefore, the State cannot, by way of amended information after the October 12, 1988, sentencing, elevate the September offense to a felony. To hold otherwise would result in the defendant not being fully advised of his rights and penalties.
>
> Defendant's Motion to Dismiss is hereby GRANTED and counsel for defendant is directed to prepare an Order consistent with this decision.

Appellant's Brief, Appendix A—Memorandum Decision.[3]

---

**2.** *After* the court had ruled, on May 3, 1989, the State filed three motions: (1) A motion to reconsider; (2) A motion to augment the record with evidence which *was not newly* discovered; and (3) A motion to amend the information. The State tendered no reasons, grounds, excuses, or explanations which could entitle it to belatedly make up a record differing from the

one before the court when it ruled on May 2, 1989.

**3.** To give the interested readers a more complete perspective of what this case involves, pertinent parts of Craig's brief are attached as Appendix A.

The district court correctly noted in paragraph 1 that two prior *convictions*, either through a finding of guilt or a plea of guilty, are a prerequisite to subjecting a defendant to the provisions of I.C. § 18–8005(3). Where the defendant elects to enter a guilty plea, the rules of the court also require that the presiding judge ascertain for himself that a plea of guilty is made both knowingly and intelligently.

The district court made a *specific finding* that at the defendant's court appearance on October 12, 1988, when sentence was imposed, that the sentence being then and there imposed on October 12, 1988, might thereafter result in a felony sentence when and if another DUI *charge* came up for disposition. The district court was correct in its holding that the offense which occurred on September 26, 1988, was the only charge pending, and could not *under the circumstances* be elevated at the State's opinion to a felony charge triable in district court. Dismissal was not improper, but that did not preclude the State's pursuit of a conviction on the alleged offense of September 26, 1988.

A DUI conviction sometimes leads defendants to reconsider their actions and seek professional help. The State will sometimes require defendants to seek out professional help. Today's decision closes the door on some of those defendants who would perhaps benefit the most from another chance.

### APPENDIX A

A portion of defendant's memorandum in support of his motion to dismiss filed in the district court:

> The Information filed against the Defendant contains two parts: Part 1 of the *Information* sets forth the underlying offense, which occurred on September 26, 1988. In part 2, as the foundational predicate for the enhanced charge of felony DUI, the State charges and alleges that the Defendant was convicted of a DUI on January 23, 1985, and on October 12, 1988, approximately three weeks after he was cited for the current charge. The important aspect of this case is that

the Defendant was originally charged on September 27, 1988, with a first offense DUI in the Idaho Uniform Citation. After the Defendant entered his plea of guilty to the second offense DUI in Blaine County Case No. 6093, the State elected to amend the Complaint on November 16, 1988, and charged the Defendant with a felony DUI.

. . . .

> The general rule provides that a person may be punished as a recidivist only when shown to have been *previously* convicted of one or more crimes defined by statute. It is therefore generally essential that the alleged conviction must precede the date of the offense for which the increased punishment is sought to be imposed. 39 Am.Jur.2d *Habitual Criminal* Section 6. See also, 24 A.L.R. 2d 1247 Annotated: 'Habitual Criminal Statutes,' finding that the majority rule holds that it is a prerequisite that the prior conviction or convictions precede the commission of the principal offense in order to enhance the punishment under habitual criminal statutes.... See also, *State v. Carlson,* 560 P.2d 26 (1977, Alaska), holding that each prior offense and conviction must follow in sequence in order to accumulate under habitual criminal statute. [*State v. Carlson* has been superceded by statute. *See Linn v. State,* 658 P.2d 150 (Alaska Ct.App.1983); and *State v. Rastopsoff,* 659 P.2d 630 (Alaska Ct.App.1983).]

> The case of *State v. Felton,* 194 Kan. 501, 399 P.2d 817, involved a similar situation with the present case regarding the timing of offenses and the application of a habitual criminal act. The important dates in *Felton* are as follows: The Defendant was convicted on March 23, 1956, of the crime of First Degree Robbery which in the Information was alleged to have occurred on November 17, 1954. At the sentencing hearing, the Court received evidence of an authenticated copy of a prior conviction which occurred on December 14, 1954, approximately one month after the date on which the Defendant was charged with

988

having committed the underlying offense. The issue on appeal was whether it was erroneous for the Court to apply the habitual criminal act where the prior conviction had been obtained after the commission of the offense resulting in the second conviction. After reviewing the case authority and the annotation referred to above, 24 A.L.R.2d 1247 Annotated: 'Habitual Criminal Statutes,' the Kansas Supreme Court held as follows:

> [T]he great weight of authority, as well as the better reasoned cases, hold it is a prerequisite that the prior conviction or convictions precede the commission of the principal offense in order to enhance the punishment under the habitual criminal statutes. 399 P.2d [at] 822.

. . . .

These holdings are consistent with the policy reasons and rationale for the recidivist statutes and the same rationale and policy applies to the Idaho DUI providing for enhanced penalties for subsequent convictions. In the *Linam* case, [*State v. Linam,* [93 N.M. 307], 600 P.2d 253 (N.M.1979)] the rationale and policy was stated by the Court as follows:

> The historical reason is that the intent of such statutes is to provide an increased penalty in order to deter commission of a subsequent offense, and that an increase in penalty would not deter one who had not yet been convicted and punished for an earlier offense. It is the opportunity to reform under threat of more severe penalty which serves to deter. 600 P.2d [at] 255.

In *State v. Felton,* 399 P.2d 817, the Court aptly stated the rationale: '... and it is a salutary provision of law that criminals who the law's discipline has hitherto failed to reform by prior convictions and punishment should form a class to be more severely punished than first offenders.'

In this case, the same rationale and policy reasons apply to Mr. Craig. He is currently serving a one-year sentence on the offense which the State alleged in part 2(b) of the Information, where he was convicted one month after the commission of the underlying offense. The sentence in that case in no way could deter the commission of the offense which occurred in this case on September 26, 1988. The increased penalty statutes were unable to deter his conduct and Mr. Craig should be given an opportunity to reform his behavior, now knowing the threat of a more severe penalty for subsequent convictions.

R. 42–46.