794 P.2d 1136

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bruce K. BEVER, Defendant–Appellant.**

**No. 18395.**

Supreme Court of Idaho.

June 28, 1990.

---

Raymundo G. Pena, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), for plaintiff-respondent.

McDEVITT, Justice.

On April 21, 1984, Bruce Bever was charged with a violation of I.C. § 18–8004, the DUI statute. He was convicted on May 8, 1984. He was again charged for DUI on March 4, 1985. He was convicted on July 10, 1985. Finally, he was charged for the DUI that gives rise to this appeal on March

29, 1989. Under the assumption that three DUI *violations* rather than three DUI *convictions* were required to bring the statute's multiple offender enhanced penalty provisions into operation, the prosecutor charged Bever with a felony under I.C. § 18–8005(3).

Bever was bound over to the district court on that charge, and the prosecutor filed an Information for felony driving under the influence of alcohol on May 11, 1989. Bever filed a motion to dismiss the information, arguing that the court lacked jurisdiction to hear the felony because Bever's third *conviction* did not take place within five years of his first conviction for DUI. The district court denied the motion.

Bever now appears before the Idaho Supreme Court pursuant to its grant of permission to file an interlocutory appeal.

The issue before this Court is whether I.C. § 18–8005(3) requires three violations of I.C. § 18–8004, or whether the defendant must be actually convicted of or plead guilty to three violations of I.C. § 18–8004 within five years before a person may be charged under I.C. § 18–8005(3).

## IDAHO CODE § 18–8005(3) REQUIRES THREE DUI CONVICTIONS WITHIN FIVE YEARS

Idaho Code § 18–8005(3) states that:

"Any person who pleads guilty to or is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code ..., within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony; ..."

The drafters of this statute could have rendered far more certain the expression of their intent. The ambiguity forces this Court to engage in construction of the above quoted sentence. "In the interpretation of a statute the court's only concern is to ascertain and give effect to the legislative intent as expressed, irrespective of the wisdom, practicability, policy, expediency or possible results." *State v. Bunting Tractor Co.*, 58 Idaho 617, 623, 77 P.2d 464, 466 (1938).

The State cites *Maguire v. Yanke*, 99 Idaho 829, 836, 590 P.2d 85, 92 (1978), for the proposition that "[i]t is a general rule of statutory construction that courts should not nullify a statute or deprive a law of potency or force unless such course is absolutely necessary," and argues that Bever's interpretation of the statute would cause abuse of the criminal justice system by providing an incentive for defendants to delay court procedures, citing *Hiler v. Municipality of Anchorage*, 781 P.2d 24, 25–26 (Alaska App.1989).

The State also argues that construction of the statute mandates a decision in its favor. Former I.C. § 49–1102A, the statute in effect prior to the adoption of the current version of I.C. § 18–8005(3), read as follows:

(3) Any person who pleads guilty to or is found guilty of a violation of section 49–1102 [the D.U.I. statute] ..., for a third time within five (5) years ... shall be guilty of a felony....

1983 Idaho Sess. Laws, ch. 145, p. 378–79.

The State urges that this provision clearly provided that three convictions needed to occur within the five year period, and that the recent amendments were intended to change the focus of the statute from convictions to violations.

Comparing the provision of I.C. § 49–1102A with I.C. § 18–8005(3) we cannot reach the conclusion urged by the State that the legislature intended to change the controlling event from conviction (or guilty plea) to violation.

Idaho Code § 18–8005(4), adopted in 1984, along with the current version of I.C. § 18–8005(3), provides:

(4) For the purposes of paragraphs (2) and (3) of this section, convictions of violation of the provisions of section 49–1102, Idaho Code, shall be considered by the court to determine if a later conviction is a second or subsequent conviction only if such convictions were of violations committed on or after July 1, 1983.

In this subsection, the legislature clearly identifies determination of guilt to be the event to be considered by the court in de-

termining the application of I.C. § 18–8005(3).

We are required to read the statute I.C. § 18–8005 in its entirety and to interpret it so as to give meaning to all of its provisions. *Moss v. Bjornson*, 115 Idaho 165, 765 P.2d 676 (1988); *Smith v. Dept. of Employment*, 100 Idaho 520, 602 P.2d 18 (1979); *Smallwood v. Jeter*, 42 Idaho 169, 244 P. 149 (1926).

In reviewing I.C. § 18–8005 in its entirety we conclude that I.C. § 18–8005(3) must be read to proscribe three guilty pleas or findings of guilt within a five year period.

The State also argues that I.C. § 18–8005(3) is actually a statute of limitation on the State's power to bring a felony action for three violations of I.C. § 18–8004. This argument is incorrect. Idaho Code § 18–8005(3) enunciates the requirements for a felony. It is completely silent as to the time within which the prosecution must bring charges.

For the foregoing reasons the district court's denial of Bever's motion to dismiss the charge that he violated I.C. § 18–8005(3) is reversed.

No costs on appeal.

BAKES, C.J., and JOHNSON and BOYLE, JJ., concur.

BISTLINE, Justice, dissenting.

My understanding of the facts set out by Justice McDevitt are that Mr. Bever has had two *convictions* for DUI, one on May 8, 1985, and the other on July 10, 1985. On March 29, 1989, he was charged with a third violation. Should a conviction result on this third charge, he becomes eligible for a felony sentence, provided that the third conviction is within five years of the first conviction. Accordingly, the prosecutor in charging him with the third violation, conviction of which according to the law, if rendered within five years of May 8, 1985, would result in a felony conviction and imposition of judgment of conviction with a sentence within the limits of the statute I.C. § 18–8005(3)(a), (b), (c), (d).

It has always been my general understanding of the law that a person cannot be adjudged guilty for a felony when the criminal offense of which he has been charged and convicted is a misdemeanor. With that in mind, it is understandable that the prosecutor believed the obligation of the law required that Mr. Bever be charged by information with a felony, simply because if convicted the law provides for a felony sentence. Moreover, it is not just a question of misdemeanor v. felony charge, but a question of jurisdiction. A magistrate is empowered to try misdemeanor charges, not felony charges. If a jury is not waived, a felony charge in district court is tried to twelve jurors, and a unanimous verdict is required, but with a misdemeanor charge in magistrate court the jurors are six in number.

At oral argument in this case, as was also true of the case which preceded it in the morning of session on the same day, *State v. Craig*, 117 Idaho 983, 793 P.2d 215 (1990), there was considerable colloquy between court and counsel as to whether a third DUI *conviction* or a third charged *violation* following two convictions would trigger a felony sentence. Obviously a third charged violation does not render a defendant, even with two prior DUI convictions, automatically into a person who has acquired three DUI convictions within a span of five years, which is what the legislature has ruled makes a person eligible for a felony sentence. There is no ambiguity in the statute, none whatsoever. What has created the ambiguity or confusion surfaced in the companion *Craig* case. As noted in my separate writing in *Craig*, the attorney general in one paragraph spoke lightly of the court's rules, but in an ensuing paragraph purported to rely upon those rules:

> The State's opening brief scatterguns in four different and inconsistent directions. First the State's brief sees no mandatory force in the rules promulgated by the Supreme Court:
>
> > Idaho Code § 18–8005 does not require that a defendant in a DUI case be informed of the consequences of future violations. Rather, this notification requirement is provided for by a

court rule. There is nothing in the body of the criminal law that requires notification to a defendant of the potential penalty to be imposed upon conviction of a criminal offense. *The fact that the state supreme court, by rule, has imposed such a duty upon the lower courts does not give rise to a due process violation if such rule-made procedure is not followed.* Appellant's Brief, 9 (emphasis added).

Second, while conceding that the State had failed to provide the district court with documentation establishing compliance with M.C.R. 9.1, the State argues *that under the rule,* the court erred in not presuming compliance:

> Admittedly, these documents were not provided to the district court before it issued its May 2, 1989, memorandum decision granting Craig's motion to dismiss. But, *based upon Rule 9.1, M.C.R., the district court should have presumed that Craig had been fully advised of his rights and penalties.* Rule 9.1 provides that the court must, at or before sentencing, provide a written notice to the defendant as to the penalties that may be imposed for subsequent violations. *The rule then sets forth the recommended form to be used.* This form, which is to be used in the case of all DUI's, whether it is the first, second, third, or subsequent offense, explains the enhanced penalties for both the second and the third violations within a five year period. There is a presumption of regularity in all that a court does.

Appellant's Brief, 6 (emphasis added). *State v. Craig,* 117 Idaho at 985, 793 P.2d at 217.

The rules mentioned call for putting a defendant on notice that, when he obtains his first DUI conviction, that a second may be more severely punished than the first, and under consideration here, a third DUI conviction occurring within a span of five years following the first, entitles him to felony conviction and felony sentence. The rules probably were promulgated solely for the purpose of requiring the trial judge of the court below the district court to put such first and second offenders on notice as to what may happen when a third conviction takes place within five years. It would seem clear on reading the statutes that they give notice to all licensed and unlicensed men, women, and minor drivers in Idaho of exactly what is in store for them on a first conviction, or a second conviction, and on a third conviction (a fourth conviction presumably would be traced back to the second, and again the DUI conviction, if the three were within a five year span, would have acquired the necessary status to become eligible for yet another felony conviction). It has always been thought that all persons are presumed to know the law of the legislature, and in the area of highway traffic and rules of the road it is likely that the knowledge of laws such as I.C. § 18–8005 is well disseminated.

But whether or not that is so, where the legislature has enacted legislation as easily read and understood as those above mentioned, it may seem to many that the Court's rules in this area are indeed redundant, causing more paper work in the magistrate's courts, and as well a source of needless confusion in the courts, including this one. The legislature's statutes in one view, at least, do not need embellishment or enshrinement in rules of the Court, which is to say that I tend to agree with the view of the rules taken by the deputy attorney general who briefed and argued the *Craig* case. However, a reading of all of the opinions in that case discloses a factual context differing from this.

Here the prosecutor *could* have taken Mr. Bever's third DUI charge to trial in a magistrate court. The magistrate could not hand down a judgment imposing a felony sentence, assuming that Mr. Bever was convicted, but could only impose a sentence for a misdemeanor. The prosecutor could have then petitioned the district court to impose a felony sentence as is required by the statute, but the prosecutor would have come away empty-handed. Undoubtedly the district judge in this case, who was the same judge in Mr. Craig's case, labored under the belief that his was the only trial court with authority to try a case, the

**84**

outcome of which could result in a felony conviction and sentence. The district judge's assessment of the situation was 100 percent correct.

Other than for explaining the rationale set out in my separate writing in *Craig*, trouble is experienced in trying to see any compatibility in the two respective majority opinions, *Craig* and *Bever*. When one pauses to remember that more than five years have elapsed since Mr. Bever's first conviction (which was followed by a timely second conviction) it is now mathematically impossible to obtain a third conviction within the statutory five year span which commenced with the first conviction on May 8, 1985.