810 P.2d 1123

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Michael BEACH,
Defendant–Respondent.**

**No. 18312.**

Supreme Court of Idaho,
Twin Falls, March 1991 Term.

May 9, 1991.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

H. Craig Haukaas, Ketchum, for defendant-respondent.

McDEVITT, Justice.

This case is before us raising a question of statutory interpretation. Idaho Code § 18–8005(2) provides the penalty for driving under the influence two times within five years. At issue is whether there must be a conviction before the second violation occurs in order to sentence a defendant as a second time offender, or if it is enough that there has been only a violation before the second DUI occurs.

Michael Beach was first cited for driving under the influence in violation of I.C. § 18–8004 on May 1, 1988. He was charged with a second DUI on August 3, 1988. Seven days later, on August 10, 1988, he pled guilty to the first offense. The State then filed an amended complaint charging the defendant under I.C. § 18–8005(2) as a second time offender.

The magistrate felt bound by a district court decision, *State v. Craig*, Blaine County Case No. 6150, which held that only prior pleas of guilty or findings of guilt which occur before the most recent offense may be considered as prior DUI's. Accordingly, he treated the defendant's second DUI as a first time offense because the second DUI occurred before the guilty plea on the first DUI was entered. The district court denied the State's appeal.

At the time the magistrate and the district court were called upon to make their findings, they did not have the benefit of the final resolution of this issue in *State v. Craig*, 117 Idaho 983, 793 P.2d 215 (1990). In *Craig*, the State was appealing from the dismissal of a felony DUI. Prior to his conviction for his second offense the defendant was arrested for a third DUI. After the entry of the second conviction the State filed an amended complaint charging the defendant with felony DUI. The district court ruled that the second conviction must come before the third violation. On appeal to this Court the district court's decision was reversed. This Court framed the issue as follows:

> ... must a second DUI *conviction* precede a third DUI *violation* in order for the defendant to be subject to a felony conviction under I.C. § 18–8005(3)? Our task is purely one of statutory interpretation.

*Craig*, 117 Idaho at 984, 793 P.2d at 216 (emphasis in original).

Thus, except for the number of DUI's in question, our case is almost identical to the situation presented in *Craig*. Our question is whether a first DUI conviction must precede a second DUI violation in order for the defendant to be subject to the penalties prescribed for a second time offender under I.C. § 18–8005(2).

We held in *Craig* that:

> We conclude that as long as a defendant "is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code, ... within five (5) years," he has committed a felony, re-

gardless of whether the third violation preceded the second conviction. *Craig,* 117 Idaho at 985, 793 P.2d at 217.

We hold *State v. Craig* to be dispositive of this issue as well, and hold that if a defendant is found guilty of two DUI's within five years, that defendant is to be sentenced under I.C. § 18–8005(2) regardless of whether the second violation comes before or after the first conviction.

Therefore we vacate the sentence imposed and remand for further consideration under *Craig.*

BAKES, C.J., and JOHNSON, and BOYLE, JJ. concur.

BISTLINE, Justice, dissenting.

The respondent Beach argues that the state's appeal of the magistrate's dismissal of the state's amended complaint is barred by I.C. § 19–3506, which reads:

19–3506. **Effect of dismissal as bar.**— An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony.

The majority opinion makes no response to this argument; moreover, the opinion states that this case is almost identical to the situation presented in *State v. Craig,* 117 Idaho 983, 793 P.2d 215 (1990). *Craig,* however, involved a third DUI offense, which is a felony, while the instant case involves a second DUI offense, which is a misdemeanor. The felony/misdemeanor distinction makes all the difference in an I.C. § 19–3506 challenge, as the statute may act to bar the prosecution of misdemeanors, but not felonies.

The state attempts to circumvent the obstacle presented by the statute by characterizing the magistrate's action not as a dismissal of the amended complaint, but rather as "treat[ing] the D.U.I. conviction ... as a first time D.U.I. conviction, rather than a second D.U.I. conviction." Treating the conviction as a first time rather than a second time conviction is, quite obviously, a rejection of the state's amended complaint. Semantics aside, on page 47 of the record

the magistrate expressly granted Beach's motion to dismiss the amended complaint.

Although Beach is correct in asserting that the magistrate dismissed the amended complaint and that this case is not identical to *Craig,* the I.C. § 19–3506 challenge nevertheless must fail. The Court of Appeals has interpreted I.C. § 19–3506 as barring further prosecution only when the dismissal is valid and final. *State v. Swartz,* 109 Idaho 1033, 1036, 712 P.2d 734, 737 (Ct.App.1985). In *Swartz,* as in this case, the state's timely appeal prevented the dismissal from becoming final. 109 Idaho at 1036, 712 P.2d at 737.

Despite the fact that Beach's I.C. § 19–3506 challenge fails, Beach should prevail on this appeal because his second DUI offense occurred before he was convicted and sentenced for the first DUI offense. The magistrate correctly ruled that Beach could not be subjected to an enhanced penalty for the second offense because he had not yet been convicted for the first offense when the second offense occurred. Dissenting in *State v. Craig,* I wrote:

> The only way the threat of an enhanced penalty can deter conduct is if the prospective defendant is provided the time to alter his conduct. Here, Craig was placed in jeopardy of receiving an enhanced sentence for his third violation before he ever had a chance to change his ways after his second conviction.

117 Idaho at 985, 793 P.2d at 217.

The defendant Craig's memorandum in support of his motion to dismiss contained a thorough analysis of recidivist statutes and was set out as an appendix to the dissent in *Craig.* In an effort to combat the injustice perpetrated in *Craig* and repeated today in Beach, a portion of Craig's memorandum is again set out as follows:

> The general rule provides that a person may be punished as a recidivist only when shown to have been *previously* convicted of one or more crimes defined by statute. It is therefore generally essential that the alleged conviction must precede the date of the offense for which the increased punishment is sought to be

imposed. 39 Am.Jur.2d Habitual Criminal Section 6. See also, 24 A.L.R.2d 1247 Annotated: 'Habitual Criminal Statutes,' finding that the majority rule holds that it is a prerequisite that the prior conviction or convictions precede the commission of the principal offense in order to enhance the punishment under habitual criminal statutes.... See also, *State v. Carlson,* 560 P.2d 26 (1977, Alaska), holding that each prior offense and conviction must follow in sequence in order to accumulate under habitual criminal statute. [*State v. Carlson* has been superceded by statute. See *Linn v. State,* 658 P.2d 150 (Alaska Ct.App.1983); and *State v. Rastopsoff,* 659 P.2d 630 (Alaska Ct.App.1983).]

The case of *State v. Felton,* 194 Kan. 501, 399 P.2d 817, involved a similar situation with the present case regarding the timing of offenses and the application of a habitual criminal act. The important dates in Felton are as follows: The Defendant was convicted on March 23, 1956, of the crime of First Degree Robbery which in the Information was alleged to have occurred on November 17, 1954. At the sentencing hearing, the Court received evidence of an authenticated copy of a prior conviction which occurred on December 14, 1954, approximately one month after the date on which the Defendant was charged with having committed the underlying offense. The issue on appeal was whether it was erroneous for the Court to apply the habitual criminal act where the prior conviction had been obtained after the commission of the offense resulting in the second conviction. After reviewing the case authority and the annotation referred to above, 24 A.L.R.2d 1247 Annotated: 'Habitual Criminal Statutes,' the Kansas Supreme Court held as follows:

> The great weight of authority, as well as the better reasoned cases, hold it is a prerequisite that the prior conviction or convictions precede the commission of the principal offense in order to enhance the punishment under the habitual criminal statutes. 399 P.2d [at] 822.

. . . .

These holdings are consistent with the policy reasons and rationale for the recidivist statutes and the same rationale and policy applies to the Idaho DUI providing for enhanced penalties for subsequent convictions. In the *Lianm* case, [*State v. Linam,* [93 N.M. 307], 600 P.2d 253 (N.M.1979)] the rationale and policy was stated by the Court as follows:

> The historical reason is that the intent of such statutes is to provide an increased penalty in order to deter commission of a subsequent offense, and that an increase in penalty would not deter one who had not yet been convicted and punished for an earlier offense. It is the opportunity to reform under threat of more severe penalty which serves to deter. 600 P.2d [at] 255.

In *State v. Felton,* 399 P.2d 817, the Court aptly stated the rationale: '... and it is a salutary provision of law that criminals who the law's discipline has hitherto failed to reform by prior convictions and punishment should form a class to be more severely punished than first offenders.'

In this case, the same rationale and policy reasons apply to Mr. Craig. He is currently serving a one-year sentence on the offense which the State alleged in part 2(b) of the Information, where he was convicted one month after the commission of the underlying offense. The sentence in that case in no way could deter the commission of the offense which occurred in this case on September 26, 1988. The increased penalty statutes were unable to deter his conduct and Mr. Craig should be given an opportunity to reform his behavior, now knowing the threat of a more severe penalty for subsequent convictions.

R. 42–46.

*State v. Craig,* 117 Idaho at 987–88, 793 P.2d at 219–20 (Bistline, J. dissenting).