819 P.2d 1155

STATE of Idaho, Plaintiff–Respondent,

v.

Bruce H. DEITZ, Defendant–Appellant.

No. 18443.

Court of Appeals of Idaho.

Nov. 1, 1991.

Kenneth O. Kreis, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

SILAK, Judge.

Bruce Deitz entered a conditional plea of guilty to a misdemeanor charge of driving while under the influence, I.C. § 18–8004. On appeal, Deitz contends that the magistrate erroneously considered a withheld judgment of conviction entered in a previously dismissed action in determining that the instant violation was Deitz's second within five years under former I.C. § 18–8005(2).[1] For the reasons stated below, we affirm the judgment of conviction entered by the magistrate.

The facts in this case are not disputed. In October of 1986, Deitz pled guilty to driving under the influence. I.C. §§ 18–8004; 18–8005(4). Based upon his plea, the court entered an order withholding judgment and placing Deitz on probation. Deitz satisfactorily completed the probation and, on April 25, 1988, the court entered an order dismissing the charges underlying Deitz's 1986 plea. On October 14, 1988, Deitz was charged with another DUI violation. The state subsequently amended its complaint to allege that the charge was Deitz's second DUI offense within five years. Deitz entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2). From that judgment Deitz appealed to the district court, which upheld the magistrate's determination.

The issue presented on appeal is whether a person whose DUI charge is dismissed pursuant to Idaho's expungement statute is considered a person who previously has pled guilty or has been found guilty of DUI for purposes of the penalty-enhancing statute applicable to repeat DUI offenders. The resolution of this question calls for the interpretation and construction of the DUI penalty statute, I.C. § 18–8005, and the expungement statute, I.C. § 19–2604(1), which must be considered together to determine the intent of the legislature. *See Magnuson v. Idaho State Tax Comm'n,* 97 Idaho 917, 920, 556 P.2d 1197, 1200 (1976). In interpreting these statutes, our only concern is to ascertain and give effect to the legislative intent as expressed. *State v. Bever,* 118 Idaho 80, 81, 794 P.2d 1136, 1137 (1990).

■ Idaho Code § 18–8005(4) provides that the enhanced penalty provisions for repeat DUI offenders shall apply to "[a]ny person who pleads guilty to or is found guilty of a violation of the provisions of section 18–8004, Idaho Code, for the second time within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s)...." In determining whether the enhanced penalty provisions of section 18–8005 apply in a given case, the controlling event to be considered by the trial court is the determination of guilt—the conviction or plea. *Bever,* 118 Idaho at 81, 794 P.2d at 1137; *see also State v. Craig,* 117 Idaho 983, 985, 793 P.2d 215, 217 (1990). In 1986—within five years of the instant violation—Deitz pled guilty to his first DUI violation and received a withheld judgment of conviction. The legislature has clearly expressed its intent that a determination of guilt which is followed by an order withholding judgment, although a judgment of conviction might never be entered, is a determination of guilt within the meaning of the statute.[2] Thus, the determination of guilt is the event to be considered by the court in determining whether I.C. § 18–8005(4) applies, *Bever,* 118 Idaho at 81–82, 794 P.2d at 1137–38, and a person, such as Deitz, who pleads guilty and receives a withheld judgment of conviction for DUI is a "person who pleads guilty to or is found guilty of a violation" within the meaning of I.C. § 18–8005. The ques-

---

**1.** Idaho Code § 18–8005 has since been amended and the applicable enhanced penalty provisions are currently contained in subsection (4) of the statute. 1990 Idaho Sess.Laws, ch. 45, § 45, P. 71. For the sake of clarity, we will cite to the applicable provisions as being contained in subsection (4) of section 18–8005, where they are currently located.

**2.** Case law prior to the enactment of I.C. § 18–8005 reflected some confusion as to whether a person found guilty of a crime could be deemed "convicted" without the formal entry of a judgment and sentence. *See State v. Wagenius,* 99 Idaho 273, 581 P.2d 319 (1978). Perhaps it was due to this uncertainty in the case law that the legislature focused on the determination of guilt and expressly included withheld judgments as among those to which the statute would apply.

tion thus becomes whether the discharge provisions of I.C. § 19–2604, as carried out in the dismissal of Deitz's 1986 DUI conviction, nullified that conviction for the purposes of I.C. § 18–8005.

The authority of the trial court to set aside a guilty plea or conviction and discharge a defendant is set forth at I.C. § 19–2604(1). That statute provides, in pertinent part,

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant....

Deitz argues that under *Manners v. State Bd. of Veterinary Medicine*, 107 Idaho 950, 694 P.2d 1298 (1985), the dismissal of the charges in his first DUI case under section 19–2604 extinguishes that prior determination of guilt, and thus prevents the state from using that prior conviction to charge him as a repeat DUI offender in the present case. In *Manners*, the Board of Veterinary Medicine revoked Manners' license based on a prior felony conviction for distribution of a controlled substance. Prior to the Board's revocation of Manners' license, however, Manners had successfully complied with the terms of his probation and the trial court had permitted Manners to change his guilty plea to a not guilty plea. After the change in plea was made, the trial court dismissed the charge against Manners pursuant to I.C. § 19–2604. On appeal, the Supreme Court held that following the dismissal of Manners' case by the district court, there was no longer a conviction against Manners upon which the Board could base the revocation of his license.

*Manners* is distinguishable from this case for at least two reasons. First, Man-

ners had actually been allowed by the district court to change his plea from guilty to not guilty before the trial court set aside the conviction and dismissed the charge. No such change of plea occurred in the present case. Here, the district court's order discharging Deitz from probation and dismissing the charges in the first DUI case did not specifically "set aside the plea of guilty" as the court was empowered to do under I.C. § 19–2604(1). Rather, the judge ordered that Deitz be discharged from probation and that the charges in the case be dismissed. Accordingly, the historical fact that Deitz had pled guilty to a DUI charge remained operative for the purposes of I.C. § 18–8005(4).

*Manners* is also distinguishable because of the legislative intent behind the discharge provisions of section 19–2604. Our Supreme Court noted in *Ex parte Medley*, 73 Idaho 474, 253 P.2d 794 (1953), that one of the salutary objectives of Idaho's expungement statute is to create an incentive for rehabilitation:

> To withhold judgment after a plea of guilty protects the defendant at that time against the stigma of a conviction which may be forever avoided should the defendant conform to its terms and conditions. This creates, and rightfully so, a hope in the heart of the accused that he may ultimately be released under an order of probation without the stigma of a judgment of conviction. This is an incentive for complete rehabilitation and reform, one of the salutary objectives of the Act.

*Medley* at 479, 253 P.2d at 797. In *Manners*, the defendant sought to apply Idaho's expungement statute to avoid the continuing effects of his original conviction, without having committed any additional offenses. On the other hand, in the present case Deitz seeks, after having been charged with a second DUI offense, to use Idaho's expungement law to avoid the enhanced penalty provisions of I.C. § 18–8005(4).

The purpose of both the expungement statute and the enhanced DUI penalty statute is the same: to encourage rehabilitation and deter recidivism. Where these

two statutes have the same purpose, we will not construe one—the expungement statute—to defeat the effects of the other—the enhanced DUI penalty statute. Since 1924 our courts have held that the statutes providing for withheld judgments and the dismissal of charges were not designed to benefit repeat offenders.

> [These provisions] give to the trial judge in certain instances authority to suspend the execution of judgment, or to withhold passing judgment, upon such terms and for such time as he may prescribe. Manifestly, this and other humane provisions now generally recognized are not intended to apply to habitual criminals, or to a class of persons who indicate by their persistency in the commission of crime that nothing short of actual restraint will deter them from committing other offenses.

*In re France*, 38 Idaho 627, 631–32, 224 P. 433, 435 (1924). If the expungement statute were applied as Deitz suggests, it would serve as a disincentive to discharged defendants to avoid repeat offenses. Therefore, while Idaho's expungement statute is to be construed to relieve defendants of the continuing effects of their original conviction, we will not apply the statute in this case so that it negates the effects of the enhanced penalty statutes, those statutes being enacted for the same purposes of encouraging rehabilitation and discouraging repeat offenses.

■ For the reasons set forth above, we hold that I.C. § 18–8005(4) makes the operative event for an enhanced charge of DUI the fact that the defendant has pled or been found guilty of a prior violation of I.C. § 18–8004 within five years. Because Deitz's plea of guilty was within five years, and it was not specifically set aside when the district court dismissed the charges against him, the dismissal of the prior charges did not reverse or vacate the determination of Deitz's guilt for the purposes of I.C. § 18–8005(4). Therefore, the judgment of the magistrate is affirmed.

SWANSTROM, J., concurs.

WALTERS, Chief Judge, dissenting.

I respectfully must dissent. The expungement statute, I.C. § 19–2604, permits the court, upon application of the defendant and a showing of successful compliance with the terms and conditions of probation, to set aside the plea of guilty *or* conviction and dismiss the case and discharge the defendant. An order withholding judgment is a *de facto* judgment of conviction. *State v. Wagenius*, 99 Idaho 273, 278, 581 P.2d 319, 322 (1978). Where a judgment has been vacated, it is a nullity, and the effect is as if it had never been rendered at all. *State v. Barwick*, 94 Idaho 139, 143, 483 P.2d 670, 674 (1971). Where the court sets aside a conviction and dismisses the charge pursuant to I.C. § 19–2604, the conviction is "erased" and becomes "non-existent." *Manners v. State Bd. of Veterinary Medicine*, 107 Idaho 950, 952, 694 P.2d 1298, 1300 (1985).

As I read I.C. § 18–8005(4), there must be a judgment or withheld judgment, predicated upon a plea of guilty or a finding of guilt, in existence at the time a defendant is charged as a repeat offender, inasmuch as the statute uses the words "notwithstanding the form of the judgment(s) or withheld judgment(s)" as operative language to give effect to the plea or finding of guilt. If the judgment or withheld judgment has been expunged and the underlying charge against the defendant has been dismissed, a subsequent charge simply does not fit within the wording of that statute.

In my view, I.C. § 18–8005(4) is ambiguous, and—in light of the leniency policy afforded by I.C. § 19–2604—should be construed narrowly in favor of the defendant. *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980); *State v. Nab*, 112 Idaho 1139, 739 P.2d 438 (Ct.App.1987). Accordingly, the decisions below should be reversed.