**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36549**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Opinion No. 56** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 10, 2010** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **WILLIAM HOWARD LOCKE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying motion to dismiss, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

William Howard Locke appeals from his judgment of conviction asserting that the district court erred by denying his motion to dismiss. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In less than one year, Locke was charged with three driving under the influence (DUI) offenses. On October 19, 2007, Locke was charged with a DUI offense, for which he was convicted on July 1, 2008. On March 20, 2008, Locke was charged a second time for DUI, which is the subject of this appeal. On June 26, 2008, Locke was again charged with a DUI offense, for which he was convicted on October 9, 2008. As to the March 20, 2008 charge, on October 23, 2008, the State filed a second amended complaint and on January 15, 2009, the State filed an information charging Locke with a felony offense, enhanced from the originally charged

1

misdemeanor, on the basis that Locke had, by that time, been convicted of two other DUI offenses within the previous ten years. Idaho Code § 18-8005(5).[1]

Locke filed a motion to dismiss which the district court denied. Thereafter, Locke entered a conditional guilty plea to felony DUI, I.C. §§ 18-8004; 18-8005(5). Locke preserved his right to appeal the denial of his motion to dismiss and this appeal followed.

## II.

## ANALYSIS

Locke contends that, at the time of the *conduct* which formed the basis of the second DUI charge, he had not been convicted of two prior DUI offenses within the previous ten years. Locke acknowledges that, at the time of the *conviction* for the second DUI charge, he had been previously convicted of two DUI offenses within the previous ten years. Locke argues that he was not subject to the felony enhancement under I.C. § 18-8005(5), unless he had been convicted of two prior DUI offenses before the arrest for the charge sought to be enhanced. The State asserts that Locke's claim is belied by the plain language of the statute.

The question for the Court is one of statutory construction; no constitutional issue is presented. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent

---

[1] Idaho Code § 18-8005(5) has since been re-designated as I.C. § 18-8005(6). 2009 Idaho Session Laws 597 (codified as amended at I.C. § 18-8005). All references to I.C. § 18-8005(5) are to the statute in effect in 2008.

upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Construction of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

> Idaho Code § 18-8005(5) provides, in relevant part:

> Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony. . . .

> The district court held:

> The question presented in the Defendant's motion is whether or not the word "previous" as it appears in the statute refers to previous *convictions* or to previous *violations*. A literal reading of the statute plainly demonstrates the word previous or previously refers to previous pleas of guilty or findings of guilt; that is, *convictions previous to the third conviction*.

(Emphasis in original.) We agree. Under the plain language of the statute, the felony enhancement is triggered when there are two convictions, by pleas of guilty or findings of guilt, for DUI offenses prior to the conviction on the enhanced charge, regardless of the sequence of the conduct or charges.

This Court has previously held that the determination of guilt is the event to be considered in applying the statute. *State v. Scott*, 135 Idaho 457, 459, 19 P.3d 771, 773 (Ct. App. 2001). *See also State v. Bever*, 118 Idaho 80, 81-82, 794 P.2d 1136, 1137-38 (1990). In *State v. Craig*, 117 Idaho 983, 793 P.2d 215 (1990), Craig was arrested for a third DUI offense. However, the conviction for the second DUI offense occurred after his arrest for the third offense. After the conviction for the second offense, the State filed an amended complaint charging the third offense as a felony. Craig moved to dismiss, asserting that the second conviction must occur prior to the third violation (arrest). *Id*. at 984, 793 P.2d at 216. The Idaho Supreme Court held that the statute, under a previous enactment, clearly stated that as long as a defendant is found guilty of three or more DUI offenses, within the requisite time period, the defendant has committed a felony, "regardless of whether the third violation preceded the second

3

conviction." *Id*. at 985, 793 P.2d at 217. The same analysis of the statute applies in the present situation. Locke was found guilty of three or more violations within the ten-year period and, thus, committed a felony, regardless of whether the instant violation preceded the second conviction.

## III.

## CONCLUSION

Idaho Code § 18-8005(5) makes a third DUI conviction within ten years a felony, regardless of the sequence of arrests. The order of the district court denying Locke's motion to dismiss is affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**