**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 49955**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Appellant,**<br><br>v.<br><br>**GREGG ALAN HOOVER,**<br><br>      **Defendant-Respondent.** | )<br>)  **Filed: October 18, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order of the district court denying motion to dismiss, <u>reversed</u>, and <u>case remanded</u>.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for respondent. Jenny C. Swinford argued.

_____

GRATTON, Judge

The State of Idaho appeals from the order of the district court remanding this case to the magistrate court. The State charged Gregg Alan Hoover with misdemeanor domestic battery. Over objection, the State was allowed to amend the complaint to enhance the misdemeanor to a felony due to a separate conviction. Hoover filed a motion to dismiss the State's amended complaint, arguing the misdemeanor could not be enhanced to a felony because Idaho Code § 18-918(5) requires the finding of guilt for the separate felony violation to occur before the commission of the misdemeanor. The district court held that the State could not amend the complaint because the conduct underlying the second charge occurred before the felony conviction. For the reasons set forth below, we reverse the district court's order and remand for proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2021, Hoover was issued a misdemeanor battery citation due to an altercation with his girlfriend on the same day. On October 15, 2021, in a separate case, Hoover was charged with felony domestic battery against his girlfriend, stemming from an incident that occurred on June 1, 2021. On March 15, 2022, a jury convicted Hoover of felony domestic battery (felony case). Thereafter, on March 25, 2022, the State moved to amend the complaint in this case (misdemeanor case) to add a sentencing enhancement under I.C. § 18-918(5), based on the conviction in the felony case.

The magistrate court permitted the amendment to the complaint in the misdemeanor case and bound Hoover over to the district court. Hoover filed a motion to dismiss, arguing that the misdemeanor charge should not be enhanced to a felony because the finding of guilt in the felony case must have preceded the alleged act that resulted in the misdemeanor case. Hoover argued that because the misdemeanor was committed in October of 2021 and the felony conviction occurred in March 2022, the enhancement could not apply.

The district court held that the "further violation" language of the statute authorizing the enhancement means a violation after the previous finding of guilt for the felony violation. The district court dismissed the enhancement and remanded the case to the magistrate court. The State appeals.

# II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d

2

116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## III.

## ANALYSIS

Hoover contends that at the time of the *conduct* which formed the basis for the misdemeanor case, he had not been convicted of a felony domestic battery offense under I.C. § 18-918 within the previous fifteen years. Hoover argues that, as a result, he was not subject to the felony enhancement under I.C. § 18-918(5), since he did not have a domestic violence conviction before the commission of the misdemeanor. The State asserts that Hoover's claim is contrary to the plain language of the statute. Specifically, the State argues that the misdemeanor can be enhanced to a felony after a conviction on the felony offense so long as the felony conviction precedes determination of guilt on the misdemeanor. Idaho Code § 18-918(5) provides, in relevant part:

> Notwithstanding any other provisions of this section, any person who previously has pled guilty to or been found guilty of a felony violation of the provisions of this section . . . and who, within fifteen (15) years, *pleads guilty to or is found guilty of any further violation* of this section shall be guilty of a felony . . . .

(Emphasis added.)

The question for this Court is one of statutory construction which starts with the plain language of the statute. For undefined terms in a statute, we look to dictionary definitions to provide ordinary meaning. *State v. Damiani*, 169 Idaho 348, 351, 496 P.3d 521, 524 (Ct. App. 2021). Provisions should not be read in isolation, but rather within the context of the entire statute; the Court must give effect to all the words so that none will be void or superfluous. *State v. Smalley*, 164 Idaho 780, 784, 495 P.3d 1100, 1014 (2019).

The operative language of the statute is the word "violation." A violation cannot be found until the person has either pled guilty or been found guilty of a crime. In the context of the statutory language, a violation does not refer to unadjudicated conduct but, rather, a conviction. The statute concludes by stating that upon the violation the person "shall be guilty of a felony." This means that the violation is the guilty plea or finding of guilt, not merely charged conduct. The felony

3

enhancement is triggered when there is a conviction, for a domestic violence offense, regardless of the sequence of the conduct or charges. *See State v. Locke*, 149 Idaho 641, 643, 239 P.3d 34, 36 (Ct. App. 2010).

Both the State and Hoover argued below over the meaning of "further" as used in I.C. § 18-918(5).[1] The district court held:

> First, the word "further" connotes moving forward in time in the context of the statute. Second, if the word "further" were deleted from the statute, it would read "any violation" of this section, and the state's argument that the timing of the violation is irrelevant would have merit. Third, preceding the words "further violation" is a fifteen-year time-frame, and when considered together with "further violation," it becomes even more clear that the legislature, by the plain meaning of the statute, contemplated a *further* violation; i.e., a future violation, occurring within fifteen years after a plea or finding of guilt.

In *Locke*, this Court addressed the timing of the DUI felony enhancement in I.C. § 18-8005(5). Locke was charged with his third DUI while his second DUI charge was pending. *Locke*, 149 Idaho at 641-642, 239 P.3d at 34-35. This Court stated, "[u]nder the plain language of the statute, the felony enhancement is triggered when there are two convictions, by pleas of guilty or findings of guilt, for DUI offenses prior to the conviction on the enhanced charge, regardless of the sequence of the conduct or charges." *Id.* at 643, 239 P.3d at 36; *see also State v. Craig*, 117 Idaho 983, 985, 793 P.2d 215, 217 (1990) (finding defendant committed a felony, "regardless of whether the third violation preceded the second conviction").

In the context of the statute, the word "further," in reference to "violation," means an additional or another determination of guilt. *See Locke*, 149 Idaho at 642, 239 P.3d at 35. A person with a previous domestic violence conviction can be charged with a felony under the enhancement provision. In the context of the statutory language, violation is not the conduct or the charge, but the conviction thereon. Inclusion of the language regarding a guilty plea or finding of guilt shows

---

[1] WEBSTER'S THIRD NEW INT'L DICT. (2002) 924 (defining "further" as "in addition," "moreover," and "going or extending beyond what exists"); *see also id.* at 825 (defining "further" as "farther": "to or at a more advanced point, beyond a given limit," "more distant in space," and "more divergent in character or relationship"); *Further, Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/further (last visited August 10, 2023)(defining "further" as "to a greater degree or extent" and "in addition, moreover"); *see also Farther, Merriam-Webster.com Dictionary*, https://www.merriamwebster.com/dictionary/farther (last visited August 10, 2023) (defining "farther" as "at or to a greater distance or more advanced point" and "to a greater degree or extent).

4

it is that event, i.e., the conviction that is operative and what elevates the offense to a felony, not the timing of the commission of the enhanced offense itself.[2]

As this Court made clear in *Locke*, whether the conduct of one charge precedes the conviction on another does not preclude the felony enhancement. With regard to the felony enhancement provided in I.C. § 18-918(5), the conviction of the first felony is the determinative event providing for the enhancement, which, in this case, is an enhancement in the misdemeanor case. Because Hoover was convicted by a jury of felony domestic violence, the misdemeanor charge could be enhanced to a felony charge pursuant to I.C. § 18-918(5).

## IV.

## CONCLUSION

We conclude that as long as a defendant has pled guilty to or been found guilty of a felony domestic violence violation within fifteen years prior to conviction of another violation, the enhancement in I.C. § 18-918(5) applies, regardless of whether commission of the second offense precedes the first conviction. The order of the district court dismissing the amended information against Hoover is therefore reversed, and this case is remanded for proceedings consistent with this opinion.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[2]     Hoover argues that the legislature's use of different language between I.C. § 18-918(3)(c) and I.C. § 18-918(5), which both enhance a misdemeanor charge to felony, supports his argument regarding the application of the enhancement in this case. Idaho Code § 18-918(3)(c) states, in relevant part:

> Any person who pleads guilty to or is found guilty of a violation of this subsection who previously has pled guilty to or been found guilty of two (2) violations of this subsection . . . notwithstanding the form of the judgment or withheld judgment, within fifteen (15) years of the first conviction, shall be guilty of a felony . . . .

However, the intended result of the two felony enhancement statutes, I.C § 18-918(3)(c) and I.C. § 18-918(5), is the same.