828 P.2d 1330

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Warren NICKERSON, Defendant–Appellant.**

**No. 19459.**

Court of Appeals of Idaho.

April 3, 1992.

---

Gregory A. Jones, Kootenai County Public Defender, Joel Ryan, Deputy Public Defender of Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Warren Nickerson was charged with felony driving under the influence, I.C. §§ 18-8004 and 18-8005. Nickerson made a pretrial motion to vacate the felony designation on the charge on the ground that, at the time he was sentenced for his second DUI conviction, he was not notified in writing, as prescribed by I.C. § 18-8005(2)(c), regarding the enhanced penalties for subsequent DUI violations. After the district court denied Nickerson's motion, Nickerson entered a conditional plea of guilty to the charge of felony driving under the influence, reserving the right to appeal the district court's denial of his motion. Nicker-

son now appeals the district court's ruling, and we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On January 19, 1991, Nickerson was arrested for a violation of I.C. § 18-8004, driving under the influence of alcohol (DUI). Nickerson had previously been convicted of the same offense on July 9, 1987, and January 7, 1988. Because this would be Nickerson's third DUI conviction within five years, the state charged Nickerson with felony DUI pursuant to the enhanced penalty provisions of I.C. § 18-8005(5) (as amended in 1990).

At a preliminary hearing on February 6, 1991, the state made a probable cause showing that Nickerson had committed felony DUI by introducing evidence of his current violation and documentary evidence of his two prior DUI convictions. However, the state's documentary evidence of Nickerson's 1988 DUI conviction failed to show that he had been notified in writing, at the time of sentencing, of the penalties for subsequent DUI violations. At the time of Nickerson's second DUI offense in 1988, I.C. § 18-8005(2)(c) provided that any person who pleads guilty to or is found guilty of DUI for the second time within five years is guilty of a misdemeanor, and:

(c) Shall be advised by the court in writing at the time of sentencing, of the penalties that will be imposed for subsequent violations of the provisions of section 18-8004, Idaho Code, which advice shall be signed by the defendant, and a copy retained by the court and another copy retained by the prosecuting attorney; . . .

I.C. § 18-8005(2)(c) (as amended in 1986).

When the state was unable to show that Nickerson had received the written advice of subsequent penalties at the time he was sentenced on his second conviction, Nickerson filed a motion to vacate the felony designation on his latest charge. In support of his motion, Nickerson argued that I.C. § 18-8005(2)(c) is a mandatory notice provision, with which the state must prove compliance in order to prosecute him on the

enhanced charge for a subsequent violation.

The district court denied Nickerson's motion, ruling that the state's compliance with the written notice provision was not an essential element which the state was required to prove in order to prosecute Nickerson for a subsequent violation under the enhanced penalty provisions. Nickerson has appealed this ruling, and, for the following reasons, we affirm.

## DISCUSSION

■ Nickerson's appeal presents us with the issue whether I.C. § 18–8005(2)(c) creates an additional element to the offense of driving under the influence by requiring the state to prove, before prosecuting under one of the enhanced provisions of I.C. § 18–8005, that the defendant had been advised at the time of sentencing on the prior conviction(s) of enhanced penalties for subsequent convictions. The resolution of this question calls for the interpretation and construction of the DUI penalty statute, I.C. § 18–8005. We observe that in interpreting this statute, our only concern is to ascertain and give effect to the legislative intent as expressed. *State v. Bever*, 118 Idaho 80, 81, 794 P.2d 1136, 1137 (1990). Because this appeal presents us with the purely legal question of statutory construction, we exercise free review.

On appeal, Nickerson argues that I.C. § 18–8005(2)(c) makes actual written notice of the statute's enhanced penalties a mandatory condition precedent to application of the enhanced penalties. We disagree, concluding that the legislature did not intend the provision to have this effect. If we were to construe the statute as Nickerson suggests, it would frustrate the natural operation of the statute's provisions and prior case law construing the statute. Section 18–8005(5) (as it was in effect at the time Nickerson was convicted and sentenced for his third DUI violation in 1990), states:

(5) Any person who pleads guilty to or is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code, ... within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony; ...

Our Supreme Court has held that determination of guilt, or conviction, is the operative event to be considered by the court in determining the application of section 18–8005's enhanced penalty provisions. *Bever*, 118 Idaho at 81–82, 794 P.2d at 1137–38. Under the plain language of the statute, the penalty for the third DUI conviction is enhanced to a felony, regardless of the fact that the defendant has not yet been sentenced on the first, or second convictions, and, therefore, has not yet been advised in writing, pursuant to subsection (2)(c), of the enhanced penalties for the second and third convictions.

This result is consistent with the Supreme Court's decision in *State v. Craig*, 117 Idaho 983, 985, 793 P.2d 215, 217 (1990). In *Craig*, the defendant had been charged, but not yet convicted, on his second DUI violation when he committed his third violation. The state filed felony DUI charges on Craig's third violation, and Craig moved to have the charges dismissed on the ground that he had not yet been convicted of his second violation when he committed his third. The district court granted Craig's motion, and the state appealed. On appeal, the Supreme Court held:

[A]s long as a defendant "is found guilty of three (3) or more violations of the provisions of section 18–8004, Idaho Code, ... within five (5) years," he has committed a felony, regardless of whether the third violation preceded the second conviction.

*Craig*, 117 Idaho at 985, 793 P.2d at 217. Pursuant to the holding in *Craig*, Nickerson, upon his third DUI violation, could have been charged and convicted of felony DUI even though he had not yet been convicted, much less sentenced, for his second violation. Thus, contrary to Nickerson's assertion, I.C. § 18–8005(2)(c) does not create a mandatory condition precedent to prosecution under the statute's enhanced penalty provisions.

Under Nickerson's suggested interpretation of the statute, for the state to prosecute a defendant's third DUI violation as a felony, the third violation must occur after the defendant has already been convicted and sentenced for his second violation, and after the defendant has received the required notice of penalties for subsequent violations at the time of sentencing on the second violation. Nickerson's argument is not supported by the holding in *Craig,* and we refuse to adopt it.

Our holding is consistent with the structure and language of the DUI statute. Nickerson would have us construe I.C. § 18–8005(2)(c) as a provision intended to fulfill the notice requirements of due process by putting defendants on notice of the penalties to which they would be subject for subsequent violations of the statute. While we agree that the legislative intent was to put defendants on notice of enhanced penalties for subsequent violations, we do not agree that the legislative intent was to satisfy due process concerns.

■ Moreover, the facts of this case demonstrate that the state's noncompliance with I.C. § 18–8005(2)(c) does not raise concerns about notice, due process, or fundamental fairness. Nickerson had received actual written notice of the enhanced penalties for subsequent violations when he was sentenced for his first conviction in 1987. At that time, Nickerson signed the written advice form, which form set forth the enhanced penalties applicable to both second and third DUI violations. By signing this form, Nickerson attested that he had read the form, that he had had it explained to him, and that he understood it. There is no question that Nickerson had actual knowledge of Idaho's enhanced penalties for repeat DUI offenders when he committed his third violation in January, 1991.

Nickerson has not asserted that he lacked notice of Idaho's enhanced penalties for repeat DUI offenses. He asserts, rather, that the district court, when he was sentenced for his second violation in 1988, failed to comply with section 18–8005(2)(c)'s mandate by failing to advise him in writing

of the enhanced penalty for a third violation within five years. Nickerson has not claimed that he suffered any harm as a result of the district court's noncompliance with subsection (2)(c), nor can he show any. He does assert, however, that subsection (2)(c) created in him a right to be advised of enhanced penalties for repeat offenses, and that his remedy for being denied that right should be to preclude the state from using his second conviction to prosecute him for a felony for his third offense. Based on the reasoning set forth above and below, we conclude that, in enacting subsection (2)(c), the legislature did not intend to create the right to written advice claimed by Nickerson, nor did it intend subsection (2)(c) to have the exclusionary remedial effect claimed by Nickerson.

When I.C. § 18–8005(2)(c) is read in its context as one of section 18–8005's sentencing provisions, it becomes apparent that its intended function is not to provide the defendant with notice, or to create in the defendant a right to such notice, but to achieve the well-established sentencing goal of deterrence. Subsection (2) of I.C. § 18–8005 sets forth the enhanced penalties and sentencing requirements which apply when a defendant is convicted of his second DUI violation within five years. Paragraphs (a), (b), (c), (d), and (e) of subsection (2) list the penalties which the court shall impose for a second conviction within five years: (a) requires that the defendant be given a jail sentence of from ten days to one year; (b) states that the defendant may be fined up to $2,000; (c) requires the court to advise the defendant in writing of the penalties that will be imposed for subsequent violations; (d) requires the defendant to surrender his license or permit to the court; and (e) states that the defendant shall have his driving privileges suspended by the court for six months to one year after release from confinement. I.C. § 18–8005(2) (as amended in 1986).[1] Thus, the legislative requirement that defendants be advised in writing of future penalties is one of five measures to be imposed by the court at the time of sentencing to achieve

1. As amended, these provisions are currently found in I.C. § 18–8005(4).

the sentencing goals of protection of society, deterrence, rehabilitation, and retribution. *State v. Enno,* 119 Idaho 392, 409, 807 P.2d 610, 627 (1991). When viewed in this context, it becomes clear that subsection (2)(c) is a punitive measure designed to impress upon the defendant the serious consequences of subsequent violations, and thus to deter the defendant from committing repeat offenses. While the legislature mandated notice of the enhanced penalties for subsequent violations, the legislature's ultimate objective was not to create in defendants the right to such notice. Rather the legislature mandated such notice as a means of accomplishing the sentencing objective of deterring future offenses, and thus protecting society.

Had the legislature intended to require that defendants have actual written notice of enhanced penalties before the enhanced penalties could be imposed, and thus add another essential element for the state to prove when prosecuting under the enhanced penalty provisions, the legislature could have easily and clearly done so by stating that the enhanced penalties will apply only if the state proves that the defendant, prior to committing a subsequent violation, received written notice of the enhanced penalties applicable to subsequent violations. The legislature has not enacted such a requirement.

We recognize that subsection (2)(c)'s deterrence function was cut short by the district court's failure to give Nickerson written advice of the penalties that would apply to his third conviction. However, it does not follow from the district court's failure to apply subsection (2)(c)'s deterrence measures, that Nickerson should be immune from prosecution under Idaho's enhanced penalty provisions. In effect, Nickerson is arguing that he should not be prosecuted under the enhanced penalty provisions because the district court failed to apply a measure intended to deter his criminal conduct. This argument is untenable. Idaho Code § 18–8005(2)(c) was intended to deter repeat DUI violations by impressing upon defendants the increasingly serious consequences of those violations. We refuse to construe that same provision in a manner which would give Nickerson the right to commit a repeat violation without incurring those enhanced penalties.

## CONCLUSION

Based on the reasoning set forth above, we hold that the provisions of I.C. § 18–8005, which require sentencing courts to advise defendants in writing of enhanced penalties for subsequent violations, do not make the written advice a condition precedent to prosecution under the enhanced penalty provisions. The district court's denial of Nickerson's motion to prohibit the state from prosecuting him under the DUI statute's enhanced penalty provisions is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.