**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39547**

| | | |
|---|---|---|
| **MIGUEL CHARLES JOYNER,** | ) | **2014 Opinion No. 24** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 27, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Miguel Charles Joyner, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Miguel Charles Joyner appeals from the judgment summarily dismissing his amended petition for post-conviction relief. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

A no-contact order, issued as part of a criminal charge against Joyner for attempted strangulation, prohibited Joyner from contacting the victim, including contact through a third party. While the order was in effect, Joyner contacted the victim. The State charged Joyner by information with felony violation of a no-contact order, under Idaho Code § 18-920. The charging language alleged that Joyner made calls to the victim ninety-one times, or had others contact the victim on Joyner's behalf, or both.

The jury found Joyner guilty. The jury then found that Joyner met the requirements of the felony sentencing enhancement under Idaho Code § 18-920(3). Finally, the jury found

1

Joyner was a persistent violator, in violation of Idaho Code § 19-2514. The trial court sentenced Joyner to a unified term of life imprisonment, with ten years determinate. Joyner appealed, challenging his sentence, and we affirmed in *State v. Joyner*, Docket No. 36253 (Ct. App. Mar. 24, 2010) (unpublished).

Joyner filed a pro se petition for post-conviction relief and included a motion for appointment of counsel. The district court appointed counsel for Joyner, and Joyner, through counsel, filed an amended petition. The amended petition contended that Joyner's defense counsel provided ineffective assistance by failing to object to the jury instruction on the no-contact order violation and by failing to object to the admission of evidence relating to the fact that Joyner was charged with attempted strangulation. The amended petition also alleged that Joyner's appellate counsel provided ineffective assistance by failing to raise the issues of error in the jury instruction on the no-contact order violation and the validity of the no-contact order. The State answered and filed a motion for summary dismissal. Following a hearing on the State's motion, the district court dismissed the petition. Joyner appeals pro se.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*,

152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not

controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the district courts and examine whether the petitioner's admissible evidence asserts facts that, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

### III.

### ANALYSIS

Joyner argues, as we interpret his brief, that there were genuine issues of material fact remaining that precluded the district court from summarily dismissing his amended petition. Joyner's pro se brief identifies, as best as we can determine, five issues for our review, of which three involve ineffective assistance of counsel issues raised in the amended petition for post-conviction relief: the jury instruction on the no-contact order violation, the evidence of the underlying charge, and the validity of the no-contact order. Like the State, we interpret Joyner's pro se brief to advance the same arguments that were in the amended petition for post-conviction relief as to these three issues. The remaining two issues were not raised in the amended petition for post-conviction relief.

4

**A.      Standard for Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). This Court has long adhered to the proposition that tactical or strategic decisions of defense counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

To show prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Dunlap v. State*, 141 Idaho 50, 59, 106 P.3d 376, 385 (2004). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 694). This "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* (citing *Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 791 (2011)).

For appellate counsel, the petitioner must show both deficient performance and prejudice. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). We presume effective assistance of appellate counsel unless the petitioner shows the "ignored issues are clearly stronger than those presented." *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

**B.      Jury Instruction**

In the amended petition, Joyner argued defense counsel provided ineffective assistance by failing to object to the jury instruction on the no-contact order violation. Joyner also contended his appellate counsel provided ineffective assistance by failing to raise the issue on appeal. According to Joyner, the jury instruction omitted an element the State was required to prove. Specifically, Joyner maintained that the State was required to prove that Joyner "was

5

charged with or convicted of certain enumerated underlying offenses at the date of the incident." Moreover, according to Joyner, because the jury instruction lacked all of the required elements of the crime, Joyner's due process rights were violated. The district court found that Joyner's defense counsel stipulated to the jury instruction; that the stipulation was a strategic decision; and that, even if defense counsel should not have agreed to the jury instruction, Joyner could not show that the outcome of the trial would change. We agree with the district court; the district court's finding that defense counsel's stipulation to the jury instruction was strategic is dispositive of this issue.

To prove a no-contact order violation occurred, the State must prove: (1) a person has been charged or convicted of an offense defined in Idaho Code § 18-920(1); (2) a no-contact order has been issued; and (3) the person charged or convicted contacted a person in violation of the order. I.C. § 18-920(2). Idaho Criminal Jury Instruction 1282 provides a model jury instruction for the violation. A comment to the model jury instruction states:

> The court should instruct the jury on the element of the defendant's having been charged with or convicted of an offense and include the name . . . of the offense, *unless* the defendant has stipulated that he was charged with or convicted of a crime for which a no contact order could be issued.

Idaho Criminal Jury Instruction 1282 cmt. (emphasis added).

As the district court found, Joyner's defense counsel strategically stipulated to the jury instruction to avoid reference to Joyner's felony attempted strangulation charge. Strategic decisions of defense counsel, where there is no allegation that those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation, do not establish deficient performance. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. Accordingly, Joyner has not shown a genuine issue of material fact as to deficient performance on the part of defense counsel. As a result, Joyner has also not shown a genuine issue of material fact as to deficient performance on the part of appellate counsel for failure to raise the issue on appeal.

## C. Evidence of the Underlying Charge

In the amended petition, Joyner argued his defense counsel provided ineffective assistance by failing to object to the admission of evidence relating to the fact that Joyner was charged with attempted strangulation. Joyner contended this evidence was irrelevant and unduly prejudicial. Moreover, according to Joyner, the evidence was inadmissible as evidence of a prior

6

bad act, under Idaho Rule of Evidence 404(b). The district court determined Joyner could not demonstrate *Strickland* prejudice, given the overwhelming evidence of Joyner's guilt. We address only the prejudice prong of *Strickland* because it is dispositive of this issue. *Ridgley*, 146 Idaho at 676, 227 P.3d at 930.

At trial, the State presented evidence of Joyner attempting to call the victim more than ninety times and of Joyner asking a third party to contact the victim. Even if the trial court had excluded the evidence of the attempted strangulation charge, there is still not a reasonable probability that the outcome of the trial would have changed because there was overwhelming evidence that Joyner did indeed violate the no-contact order. Hence, Joyner has not shown a genuine issue of material fact as to whether he was prejudiced by defense counsel's failure to object to the admission of evidence relating to the fact that Joyner was charged with attempted strangulation.

## D.     No-Contact Order

According to Joyner's amended petition, appellate counsel provided ineffective assistance by failing to raise the issue of the validity of the no-contact order. Joyner contends the no-contact order was invalid because it failed to satisfy Idaho Criminal Rule 46.2(a)(4)(a) in that the order did not include an accurate notice to him of the potential penalty for violating the order, and therefore he could not have been found guilty of violating the order.[1] The district court determined Joyner could not show prejudice from appellate counsel's failure to raise the issue of the validity of the no-contact order, concluding that Joyner would not have succeeded on appeal.

In effect, Joyner's argument is that a condition precedent for prosecution of his violation of a no-contact order is that the no-contact order must have complied with the provisions in Rule 46.2. We have addressed a similar argument to the one raised by Joyner in *State v. Nickerson*, 121 Idaho 925, 828 P.2d 1330 (Ct. App. 1992). Nickerson was charged with felony driving under the influence (DUI), three years after his second conviction for DUI. At the time of his second conviction, a statute required that the defendant "be advised by the court in writing at the time of sentencing, of the penalties that will be imposed for subsequent violations of the provisions of section 18-8004. . . ." *Nickerson*, 121 Idaho at 926, 828 P.2d at 1231 (quoting I.C.

---

[1]     On appeal, the State's brief addresses a different issue than the issue raised by Joyner. We found the post-conviction prosecutor-respondent's brief most helpful in resolving the issue raised by Joyner.

§ 18-8005(2)(c) (as amended in 1986)). Nickerson moved to vacate the felony enhancement of his third DUI charge contending that the statutory advisement was "a mandatory notice provision, with which the state must prove compliance in order to prosecute him on the enhanced charge for a subsequent violation" and contending that the second DUI conviction did not comport with this advisement. *Id.* at 926-27, 828 P.2d at 1331-32. The district court denied Nickerson's motion, Nickerson entered a conditional guilty plea, and we addressed the issue raised by Nickerson on appeal. We concluded that the legislature did not intend the statutory advisement to be a mandatory condition precedent. *Id.* at 927, 828 P.2d at 1332. In examining the statute, we held that the statutory advisement was intended "to achieve the well-established sentencing goal of deterrence." *Id.* at 928, 828 P.2d at 1333. As we explained, the statutory advisement was "a punitive measure designed to impress upon the defendant the serious consequences of subsequent violations, and thus to deter the defendant from committing repeat offenses." *Id*. at 929, 828 P.2d at 1334. Moreover, we noted that the "legislature could have easily and clearly" made the proper advisement of enhanced penalties an essential element of the offense "by stating that the enhanced penalties will apply only if the state proves that the defendant, prior to committing a subsequent violation, received written notice of the enhanced penalties applicable to subsequent violations." *Id.* Accordingly, Nickerson was not "immune from prosecution under Idaho's enhanced penalty provisions," even though the district court did not apply the statutory advisement procedures in his second DUI conviction. *Id.*

Our interpretation of a rule promulgated by the Idaho Supreme Court utilizes the same standards of construction that are used when analyzing statutes. *Doe v. State*, 153 Idaho 685, 689, 290 P.3d 1277, 1281 (Ct. App. 2012) (citing *Miller v. Haller*, 129 Idaho 345, 350, 924 P.2d 607, 612 (1996)). "We begin with an examination of the literal words of the rule and give the language its plain, obvious and rational meaning." *Id.* (quoting *Miller*, 129 Idaho at 350, 924 P.2d at 612)). Here, subsection (a)(4)(a) of Rule 46.2 is in place to require that persons served with a no-contact order are advised of the possible penalties for violating the no-contact order. Subsection (a)(4)(a) is intended to deter such persons from violating the no-contact order and "to impress upon the defendant the serious consequences," *Nickerson*, 121 Idaho at 929, 828 P.2d at 1334, of violating the no-contact order. Because compliance with subsection (a)(4)(a) is not a condition precedent for the prosecution of a violation of a no-contact order, Joyner is not immune from prosecution for either the violation or the felony enhancement provision. To be

8

sure, if the legislature intended Idaho Code § 18-920(2) to include as an element of the offense that Joyner be advised of possible penalties and that the prosecutor prove proper advisement, it could have done so in the statutory text. The plain language of section 18-920 does not impose such a requirement.

Because subsection (a)(4)(a) of Rule 46.2 does not create an element of the offense or a condition precedent for the prosecution of the violation of a no-contact order under section 18-920(2), Joyner has not shown a genuine issue of material fact as to whether he was prejudiced by appellate counsel's failure to raise the issue of the validity of the no-contact order in Joyner's appeal from his judgment of conviction. Thus, summary dismissal was appropriate as to this issue.

## E.    Other Issues

Joyner's pro se brief also raises ex post facto and mental health evaluation issues that were not raised is his amended petition. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, we will not consider these issues on appeal.

## IV.

## CONCLUSION

We conclude that Joyner has not raised a genuine issue of material fact as to whether Joyner's defense counsel provided deficient performance by failing to object to the jury instruction on the no-contact order violation. Deficient performance is not established where defense counsel strategically stipulated to the jury instruction, as Joyner's defense counsel did. As a result, we also conclude that Joyner has not raised a genuine issue of material fact as to whether appellate counsel provided deficient performance by failing to challenge the jury instruction on appeal.

We also conclude that Joyner has not raised a genuine issue of material fact as to whether he was prejudiced by defense counsel's failure to object to the admission of evidence relating to the fact that Joyner was charged with attempted strangulation. Given the overwhelming evidence of Joyner's guilt, Joyner cannot demonstrate prejudice.

Finally, we conclude that Joyner has not raised a genuine issue of material fact as to whether he was prejudiced by appellate counsel's failure to raise the issue of the validity of the no-contact order. Joyner was not immune from prosecution for violating the no-contact order

9

even if the order did not contain the full advisement prescribed by Rule 46.2(a)(4)(a). We affirm the judgment of the district court summarily dismissing Joyner's amended petition for post-conviction relief.

Judge LANSING and Judge GRATTON **CONCUR.**