**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41533**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 91 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 30, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUNIOR LARRY HILLBROOM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Jeff M. Brudie, District Judge; Hon. Debra A. Heise, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for violation of a no contact order, <u>affirmed</u>.

Berg & McLaughlin, Chtd.; William M. Berg, Sandpoint, for appellant. William M. Berg argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GUTIERREZ, Chief Judge

Junior Larry Hillbroom appeals from the district court's decision on intermediate appeal affirming his judgment of conviction for violation of a no contact order. Specifically, he contends the no contact order was invalid because it did not include an expiration date and therefore, it could not form the basis of his conviction. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In June 2012, Hillbroom was charged with felony domestic battery and attempted strangulation. Pursuant to Idaho Code § 18-920, a no contact order was issued, prohibiting

1

Hillbroom from contact with his girlfriend, the alleged victim.[1] The magistrate did not indicate a specific expiration date on the order, leaving blank the line on the form which provided:

> THIS ORDER CAN BE MODIFIED ONLY BY A JUDGE AND WILL EXPIRE:
> at 11:59 p.m. on _____ OR upon dismissal of this case, whichever occurs first.

In a subsequent modification of the no contact order to allow certain third-party contact, the magistrate again left blank the expiration provision of the form which indicated the order be "Modified as follows, and will be in effect until 11:59 p.m. on _____, 20____, or upon dismissal of the case."

In September 2012, the sheriff's office and court personnel observed Hillbroom and the alleged victim together in Hillbroom's vehicle in the Bonner County Courthouse parking lot. Hillbroom was charged with misdemeanor violation of a no contact order, I.C. § 18-920.

Hillbroom moved to dismiss the charge on the ground that the no contact order lacked an expiration date as required by Idaho Criminal Rule 46.2 and was therefore void and could not form the basis of a conviction pursuant to section 18-920. The magistrate denied the motion and a jury found Hillbroom guilty of the charge. Hillbroom appealed to the district court, which affirmed the magistrate's denial of Hillbroom's motion to dismiss. Hillbroom now appeals.

## II.

## ANALYSIS

Hillbroom contends the district court erred by affirming the magistrate court's denial of his motion to dismiss his charge for violation of a no contact order. He contends that because the no contact order did not include an expiration date as required by the applicable criminal rule, it was fatally defective and could not form the basis of his conviction.

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions

---

[1] The domestic violence and attempted strangulation charges were eventually dismissed upon the State's motion.

follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)).   Thus, we do not review the decision of the magistrate court.   *Bailey*, 153 Idaho at 529, 284 P.3d at 973.   Rather, we are procedurally bound to affirm or reverse the decision of the district court.   *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

This Court exercises free review over the application and construction of statutes.   *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).   Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.   *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).   The language of the statute is to be given its plain, obvious, and rational meaning.   *Burnight*, 132 Idaho at 659, 978 P.2d at 219.   If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.   *Escobar*, 134 Idaho at 389, 3 P.3d at 67.   We also exercise free review over the interpretation of criminal and civil rules.   *See State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008).

Idaho Code § 18-920 provides, in relevant part:

> (1) When a person is charged with or convicted of an offense under [enumerated sections[2]], Idaho Code, or any other offense for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued.   A no contact order may be imposed by the court or by Idaho criminal rule.
> (2)  A violation of a no contact order is committed when:
> > (a) A person has been charged or convicted under any offense defined in subsection (1) of this section; and
> > (b) A no contact order has been issued, either by a court or by an Idaho criminal rule; and
> > (c) The person charged or convicted has had contact with the stated person in violation of an order.

Idaho Criminal Rule 46.2 provides, also in relevant part:

---

[2]      The enumerated sections include Idaho Code § 18-918, under which Hillbroom was charged.

3

(a) No contact orders issued pursuant to Idaho Code § 18-920 shall be in writing and served on or signed by the defendant. . . . No contact orders must contain, at a minimum, the following information:

     (1) The case number, defendant's name and victim's name;

     (2) A distance restriction;

     (3) *That the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case*;

     (4) An advisory that:

          (a) A violation of the order may be prosecuted as a separate crime under I.C. § 18-920 for which no bail will be set until an appearance before a judge, and the possible penalties for this crime,

          (b) The no contact order can only be modified by a judge.

(Emphasis added).

The magistrate denied Hillbroom's motion to dismiss the charge upon determining that the magistrate's practice of omitting specific expiration dates on a no contact order until and unless the defendant is convicted of the underlying charge complied with Rule 46.2(a)(3). In the alternative, the magistrate also determined that even if the lack of an expiration date violated Rule 46.2, the order was still valid. On intermediate appeal, the district court held that the magistrate erred by determining that the no contact order in this case complied with the expiration date requirement of Rule 46.2(a)(3), but that this noncompliance did not render the order void and Hillbroom's conviction was valid.

Initially, we note our agreement with the district court's well-reasoned explanation that the magistrate's stated practice of omitting a specific expiration date in no contact orders is in contravention of our Supreme Court precedent:

This Court finds [the magistrate's practice of omitting a specific termination date] unsound in light of I.C.R. 46.2's mandatory requirement and the Supreme Court's strongly worded opinion in *State v. Castro*[, 145 Idaho 173, 177 P.3d 387 (2008)]. In *Castro*, the Court discussed at length the reasons why I.C.R. 42.6 was amended and why a specific date of termination was made mandatory. The Court then made the unequivocal statement that "we expect judges to provide a termination date . . . ." *Castro*[, 145 Idaho at 176, 177 P.3d at 390].

In the instant matter, the lower court's written opinion further justified its omission by suggesting it is acceptable for a court to utilize only the "upon dismissal of the case" language, rather than pick an arbitrary date as an alternative termination event. This interpretation of I.C.R. 46.2 has been rejected by our Supreme Court, albeit in a footnote. "[I]n order to comply with the intent of I.C.R. 46.2, the judge should be given no right of selection between the two

4

apparent choices (a specific date and upon dismissal of the case)." *State v. Cobler*, 148 Idaho 769, 772, 229 P.3d 374[, 377] (2010).

Turning to the issue at hand, we address Hillbroom's contention that implicit in the element of a violation of a no contact order offense that "a no contact order has been issued," I.C. § 18-920(2)(b), there is a requirement that it be a *valid* no contact order that complies with the requirements of Rule 46.2. He argues that this Court has the authority to "imply a validity element of proof" to section 18-920 and that it would be "wise" for this Court to do so in order to "reinforce the Court's strong insistence that judges include an expiration date certain on the order."

As the State points out, we recently rejected an appellant's argument that Rule 46.2 imposed an additional element to proving a violation of a no contact order pursuant to section 18-920. In *Joyner v. State*, 156 Idaho 223, 229, 322 P.3d 305, 311 (Ct. App. 2014), the appellant contended he could not be found guilty of violating the no contact order because the order failed to satisfy the requirement articulated in Rule 46.2(a)(4)(a) that it include an accurate notice to him of the potential penalty for violating the order. "In effect," we summarized, "Joyner's argument is that a condition precedent for prosecution of his violation of a no-contact order is that the no-contact order must have complied with the provisions in Rule 46.2." *Id*.

In addressing Joyner's contention, we first discussed our rejection of a similar argument in *State v. Nickerson*, 121 Idaho 925, 926, 828 P.2d 1330, 1331 (Ct. App. 1992), where Nickerson argued that because he had not been given the statutory advisement in effect at the time of his second DUI (which required that the sentencing court inform a defendant in writing of the penalties that would be imposed for subsequent DUI convictions), that DUI conviction could not be used as a basis to prosecute him three years later for felony DUI. We rejected this argument, reasoning that the legislature had not intended for the statutory advisement to be a mandatory condition precedent; rather, we noted the advisement was intended to deter defendants from committing repeated offenses. *Id*. at 928-29, 828 P.2d at 1333-34. Moreover, the legislature could have easily and clearly made the proper advisement of enhanced penalties an essential element of the offense, but had not done so. *Id*. at 929, 828 P.2d at 1334.

Returning to Joyner's case, we determined that like in *Nickerson*, the advisement provision of Rule 46.2(a)(4)(a) was intended to deter persons from violating a no contact order and impress upon a defendant the serious consequences of doing so. *Joyner*, 156 Idaho at 229,

322 P.3d at 311. We also noted that had the legislature intended section 18-920 to include as an element of the offense that Joyner had been advised of possible penalties and that the prosecutor prove proper advisement, it could have done so in the statutory text. *Joyner*, 156 Idaho at 230, 322 P.3d at 312. "The plain language of section 18-920," we surmised, "does not impose such a requirement." *Joyner*, 156 Idaho at 230, 322 P.3d at 312. Accordingly, we determined that Rule 46.2(a)(4)(a) did not create an element of the offense or a condition precedent for the prosecution of the violation of a no contact order under section 18-920(2). *Joyner*, 156 Idaho at 230, 322 P.3d at 312.

Likewise in this case, we are not convinced that Rule 46.2(a)(3) imposes an element of the offense in regard to the inclusion of a specific expiration date. Most importantly, the plain language of section 18-920 does not impose such a requirement and, like we recognized in *Nickerson* and *Joyner,* had the legislature intended for the expiration date to be an element of the offense, it could have explicitly included it. Furthermore, applying the interpretation Hillbroom advances would allow the Idaho Supreme Court to utilize its inherent rulemaking power to alter the elements of a statutory crime as defined by the legislature--a power not granted the judiciary in our system of government. *See Matthews v. State*, 122 Idaho 801, 805, 839 P.2d 1215, 1219 (1992) ("[T]he definition of the elements of a criminal offense is entrusted to the legislature."); *State v. Nevarez*, 142 Idaho 616, 620, 130 P.3d 1154, 1158 (Ct. App. 2005) ("It is the province of the Idaho legislature, not the courts, to define the elements of a crime . . . . Therefore, Idaho courts are not free to add or subtract elements at will.").[3]

Hillbroom cites to our decision in *State v. Hochrein*, 154 Idaho 993, 303 P.3d 1249 (Ct. App. 2013), as precedent for this Court to read an element into section 18-920. There, Hochrein argued the district court erred by not instructing the jury that in order to convict him of violating

---

[3]    The Idaho Supreme Court recently reiterated this point in *State v. Herren*, ___ Idaho ___, ___ P.3d ___ (2014), also a no contact order case. There, the State urged the Court to interpret I.C. § 18-920 such that *any* conduct in violation of the terms of a no contact order would constitute having "contact with the stated person in violation of an order" as set forth in the statute. Although deciding the case on an alternate basis, the Supreme Court stated in a footnote that adopting this interpretation would allow the judge issuing a no contact order the power to define the conduct constituting the crime of violating a no contact order and expressed "doubt that the Legislature intended to delegate the power to promulgate criminal laws to individual judges as courts do not have the power to define crimes." *Id*. at ___ n.1, ___ P.3d at ___ n.1 (citations omitted).

a no contact order pursuant to section 18-920, it was required to find beyond a reasonable doubt that he had prior notice of the no contact order. We noted that, "although section 18-920 . . . does not explicitly list prior notice of the no contact order as an element, the State concedes on appeal such notice is an essential element of the crime." *Id*. at 999, 303 P.3d at 1255. In addition, we pointed out that Rule 46.2 states that no contact orders issued pursuant to section 18-920 "shall be in writing and served on or signed by the defendant" and the applicable model jury instruction also includes a notice element. *Id*.

*Hochrein* does not dictate the result urged by Hillbroom in this case. We did not expressly adopt notice as required by Rule 46.2(a) as an element of the crime of violating a no contact order in *Hochrein*. Rather, we addressed the issue as stipulated to and framed by the parties. Notably, the notice issue was resolved in *Hochrein* by the fact that Hochrein had stipulated at trial that a no contact order was in effect at the time; our holding was that Hochrein could not show that any instructional error rose to the level of fundamental error.[4] *Id*. at 1001, 303 P.3d at 1257.

## III.

## CONCLUSION

Because we decline to hold that a no contact order must comply with the expiration date provision of Rule 46.2(a)(3) in order to form the basis of a conviction under section 18-920 for violation of that order, the district court did not err by affirming the magistrate's denial of his motion to dismiss his charge for violation of a no contact order. The district court's order affirming Hillbroom's judgment of conviction for violation of a no contact order is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.

---

[4] We note that even if notice as set forth in Idaho Criminal Rule 46.2(a)(3) does not constitute an implied element of I.C. § 18-920, due process considerations may nonetheless impose a notice requirement. *See e.g., State v. John*, 881 A.2d 920, 930 (R.I. 2005) (noting that although the statute criminalizing the violation of a no contact order does not require that the order have been served upon the defendant or that the defendant have been provided with a copy of the order, "*due process* requires that a defendant be made aware of the order and of the restrictions upon his behavior directed by that order" (emphasis added)); *accord Ross v. Coleman Co., Inc.*, 114 Idaho 817, 838, 761 P.2d 1169, 1190 (1988) (noting that in a criminal contempt prosecution, our cases hold that a defendant is entitled to certain procedural due process protections before the court can impose sanctions, including proof that he had knowledge of the terms of the court's order he was alleged to have violated).