IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41676

| | | |
|---|---|---|
| **MARKCUS RAYMOND MAY,** | ) | **2015 Unpublished Opinion No. 456** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  April 7, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Markcus Raymond May, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Chief Judge

Markcus Raymond May appeals from the district court's judgment denying his petition for post-conviction relief following an evidentiary hearing.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The facts of May's underlying criminal charge were outlined in our opinion from May's direct appeal:

> May was charged with aggravated battery, Idaho Code §§ 18-903, 18-907(1)(b); aggravated assault, I.C. § 18-901; burglary, I.C. § 18-1401; and eluding a peace officer, I.C. § 49-1404(2); and the State sought sentence enhancements for the use of a firearm during the commission of a felony, I.C. § 19-2520.  After two previous plea offers, the State and May reached a plea agreement under which he would plead guilty to aggravated battery with a deadly

1

weapon enhancement and misdemeanor eluding a peace officer, in exchange for which the State would dismiss the remaining counts. The State agreed to recommend a thirty-year unified sentence consisting of ten years determinate followed by twenty years indeterminate to be served for aggravated battery, and a concurrent six months in county jail for misdemeanor eluding a peace officer.

On January 27, 2011, pursuant to the plea agreement, May pleaded guilty to aggravated battery with a deadly weapon enhancement and misdemeanor eluding a peace officer. Approximately six weeks after pleading guilty, May received conflict counsel. On April 22, 2011, conflict counsel filed a motion to withdraw May's guilty pleas. Thereafter, a hearing was held on May's motion, at which May and his previous defense counsel testified.

During the evidentiary hearing, May testified that he pleaded guilty only because of threats and pressure from his attorney. He also testified that he had not understood that the plea agreement involved a potential thirty-year prison sentence for the aggravated battery charge, instead believing that a unified sentence of thirty years with ten years determinate meant that twenty years of the sentence would be "erased," leaving a ten-year sentence. May argued that he should have been allowed to withdraw his guilty pleas for two reasons: (1) because he was pressured into pleading guilty; and (2) that he did not understand legal terms in the plea agreement describing the sentence.

The district court found that May did not establish a "just reason" to withdraw his guilty pleas and denied his motion to withdraw. May was sentenced to a unified term of thirty years with ten years determinate for aggravated battery with a weapon enhancement, and six months in jail for eluding.

On appeal, May contends that the district court abused its discretion when it denied his motion to withdraw his guilty pleas because he was pressured, he did not understand the terms of the plea agreement, and the district court's consideration of certain factors prescribed by a federal circuit court was erroneous.

*State v. May*, Docket No. 38835 (Ct. App. July 31, 2012) (unpublished). We affirmed May's judgment of conviction, concluding that the district court had not abused its discretion in denying May's motion to withdraw his guilty plea, as the record reflected "that May was not pressured, that he understood the sentencing terms, and that his acceptance of the plea agreement was made voluntarily and knowingly."

May filed a pro se petition for post-conviction relief. In it, he alleged various claims of ineffective assistance of counsel, his actual innocence, and that the district court erred by denying his motion to withdraw his guilty plea because it was not knowing, intelligent, and

voluntary.[1]  Counsel was appointed to represent May.  Following an evidentiary hearing, the district court denied May's post-conviction petition, finding that all of May's claims were previously adjudicated in his motion to withdraw his guilty plea except his claim of actual innocence and the appeal that affirmed his conviction.[2]  The district court noted that all of the facts comprising May's claim of actual innocence were known before the change of plea hearing and could have been raised in his motion to withdraw his guilty plea or on direct appeal, but were not.  Thus, the district court concluded that all of May's claims were barred by I.C. § 19-4901(b).[3]  The district court also concluded that May's claims of ineffective assistance of counsel and actual innocence were clearly disproven by the record.  May appeals.

---

[1]  May asserts ineffective assistance of counsel claims against the attorney who assisted May prior to his motion to withdraw his guilty plea and the attorney who assisted May with that motion and at sentencing.  The claims against initial counsel include:  a personal conflict of interest with counsel that was not addressed; counsel's failure to investigate and use important evidence in pursuing defenses or object to improper evidence or testimony; counsel's failure to properly advise May regarding the consequences of his plea; and counsel's failure to request a competency hearing or challenge the weapon enhancement.  The claims against subsequent counsel include:  counsel's failure to submit mitigating letters from friends and family at sentencing; counsel's failure to properly prepare May for the hearing on his motion to withdraw his guilty plea; counsel's failure to communicate with May; counsel's failure to raise certain issues during the hearing on the motion to withdraw his guilty plea; and counsel's failure to object to admission of a recorded phone call between May and his mother or to call May's mother as a witness.  At the evidentiary hearing, May limited his issues with subsequent counsel to his failure to submit mitigating letters and his failure to properly prepare May for the hearing.

[2]  May claims that the district court erred in failing to hold an evidentiary hearing.  The record clearly disproves this claim and shows that an evidentiary hearing was held.  Seemingly realizing this, May also claims that he was prevented from introducing the evidence necessary to support his claim.  However, he fails to identify what evidence he was prevented from introducing or how this evidence would have supported his claims.  Moreover, the record belies May's contentions and shows that he was afforded a full and fair opportunity to present all relevant evidence at the evidentiary hearing.

[3]  Idaho Code Section 19-4901(b) provides, in pertinent part:

> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction.  Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit,

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## III.

## ANALYSIS

May reasserts on appeal many of the arguments raised in his petition for post-conviction relief, including some of his claims of ineffective assistance of both the counsel who assisted him before the motion to withdraw his guilty plea and the counsel who assisted him thereafter.[4] However, May adds the claim that the district court erred in denying his motion to withdraw his guilty plea and contends that his counsel's ineffective assistance made his guilty plea not

---

deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

[4]    May also asserts claims of ineffective assistance of appellate counsel. However, these claims were not raised in his petition for post-conviction relief. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Joyner v. State*, 156 Idaho 223, 230, 322 P.3d 305, 312 (Ct. App. 2014). As a result, we will not consider these claims on appeal.

knowing, intelligent, or voluntary.[5]  The state contends that May's claims regarding the performance of his initial counsel and the denial of his motion to withdraw his guilty are barred by the doctrine of res judicata.

## A.     Res Judicata

The scope of post-conviction relief is limited.  *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997).  A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b).  A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings.  *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989).  Moreover, the doctrine of res judicata applies when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief.  *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007).  Indeed, when legal issues are decided in a criminal action on direct appeal, the petitioner is barred by the doctrine of res judicata from raising them again in a post-conviction relief proceeding.  *State v. Beam*, 115 Idaho 208, 210, 766 P.2d 678, 680 (1988); *State v. Fetterly*, 115 Idaho 231, 233, 766 P.2d 701, 703 (1988).

The issues May raised in his post-conviction petition and reasserted at the evidentiary hearing are identical to the issues he raised at the hearing on his motion to withdraw his guilty plea.  At the post-conviction evidentiary hearing, May acknowledged during direct examination that his testimony there "essentially parrots" his testimony at the hearing on his motion to withdraw his guilty plea.  May did not raise any new issues regarding his initial counsel that had not previously been addressed at the hearing on the motion to withdraw his guilty plea and affirmed on appeal.  Moreover, May had a full and fair opportunity to address the issues he raised regarding his initial counsel's representation and his desire to withdraw his guilty plea at the hearing on that motion.  Indeed, May conceded during closing argument at the evidentiary hearing that most of the issues he was asserting were previously raised and fully addressed in the hearing on the motion to withdraw his guilty plea.  Following that hearing, the district court denied May's motion, and we affirmed that decision on appeal.  Because all of May's claims

---

[5]     May also adds the claim that he was not given access to the record to prepare for this appeal.  However, May provides no evidence to support this conclusory allegation.  Accordingly, we will not address it further.

regarding the denial of his motion to withdraw his guilty plea, including the issues encompassing his claims of ineffective assistance of his initial counsel, were raised and resolved at the hearing on May's motion to withdraw his guilty plea and the appeal therefrom, those issues are barred from relitigation by the doctrine of res judicata. Moreover, May has provided no argument establishing why any issues that were not raised could not have been; thus, any such issues were waived under I.C. § 19-4901(b). Accordingly, we will not address these issues further.

**B.      Ineffective Assistance of Counsel**

May's claims regarding ineffective assistance of his subsequent counsel, who assisted with his motion to withdraw his guilty plea and sentencing, and his claim of actual innocence are addressed for the first time in his post-conviction petition. Accordingly, we review the district court's resolution of those claims.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Here, May alleged various ways that his subsequent counsel's representation was ineffective during the hearing on the motion to withdraw his guilty plea and sentencing. Both May and his subsequent attorney testified at the evidentiary hearing. However, the district court found May's testimony incredible and unsupported by the record and found his subsequent

attorney's testimony credible and consistent with the factual record. As stated by the district court:

> May's claims against [his subsequent counsel] are likewise meritless. He says that [his counsel] did not properly "prep" him for the hearing where he testified in support of his motion to withdraw plea. The Court finds that this claim is frivolous and unsupported by the record. [His counsel] testified that he spent considerable time with May preparing for the hearing. It is not an attorney's job to tell a client what to say in court, and indeed [his counsel] did not. He explained the law to May and gave him every opportunity to state his reasons for withdrawing his plea. May clearly responded to questions asked by [his counsel] and was given the opportunity to expand on other factors constituting "just cause" for withdrawal of his plea. . . .
>
> May claims that [his subsequent counsel] did not present character evidence at sentencing but does not provide in this record what that evidence would have shown or how that could have affected the sentence. [His counsel] clearly testified that he would have presented any character evidence that in his opinion was meritorious if that evidence was made available to him. The decision to present evidence at sentencing is a strategic decision. May has not carried his burden of proving either ineffective assistance of counsel or prejudice on this issue.

We agree with the district court's conclusions. May's assertions of objectively deficient performance and prejudice are unsupported by the record; indeed, in many respects, his claims are disproven by the record, as the district court noted. As a result, May has failed to establish ineffective assistance of his subsequent counsel.

## C.    Actual Innocence

May also alleges that he is actually innocent of the crimes to which he pled guilty and that the district court erred by not applying an actual innocence standard at the evidentiary hearing. He asserts that he has valid claims to self-defense, mental incapacity, lack of intent, and accident.[6] These claims are based upon his revised recollection of how the incident took place,

---

[6]    On appeal, May appears to have abandoned his insanity and diminished capacity claims, as applied to his guilt or innocence, asserting that he was not hallucinating or otherwise laboring under a mental defect when he committed the offense. He made this assertion, despite claiming in his petition for post-conviction relief that he had been awake for twelve days prior to the incident and admitting that he was "highly intoxicated under alcohol and other drugs" at the time of the incident. Instead, he contends that his intoxication and mental instability were relevant to sentencing. However, May does not argue the issue of sentencing on appeal, so we need not address it.

which drastically differs from that reported by every other witness to the incident, including most of May's several prior accounts of what took place, as testified to by his prior counsel. May contends that he was driving down the road when the victim and his two friends blocked the road and prevented him from driving through. These "highwaymen," as May calls them, had intent to do him harm and threatened him. Because he allegedly feared for his safety, May retrieved a handgun from his vehicle and fired several shots at the empty vehicle these "highwaymen" were standing near to warn them off. According to May--but unsupported by any evidence--the victim was struck in the leg by a ricocheting bullet, not a direct shot. Thus, in May's mind, he was the true victim and was entitled to defend himself by brandishing a weapon and firing "warning" shots in their general direction.

We are not persuaded. Setting aside, for a moment, May's knowing, voluntary, and intelligent admissions of guilt at the change of plea hearing and his failure to raise this issue on direct appeal, his account of events is entirely unsupported and controverted by the record. Indeed, May has provided no evidence to corroborate his account, nor has he identified any such evidence. On the contrary, May's testimony at the evidentiary hearing and at the hearing on the motion to withdraw his guilty plea, in which he admitted that he voluntarily stopped his vehicle to confront the victim, largely belies this newfound account of events. Thus, even if the district court failed to apply an actual innocence standard--whatever that might be--May failed to establish even a prima facie showing, much less by a preponderance of the evidence, that he was actually innocent of the crimes charged.

## IV.

## CONCLUSION

May failed to establish that his prior counsel provided him with ineffective assistance. He further failed to establish that he was actually innocent of the crimes to which he pled guilty. Accordingly, the district court's judgment denying May's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.